JARED P. BARNES v. ZACK GRAGG.

1. JUDGMENT, *When Not Disturbed by Supreme Court.* Where the matters alleged in the answer of the defendant, if true, constitute in law a defense to the action, and upon the trial there is positive testimony to sustain the answer, and the verdict of the jury in favor of the defendant is affirmed by the trial court in rendering judgment thereon, this court will not disturb the judgment or verdict because the preponderance of the testimony given orally is against the verdict.

2. CONTRACT, *Not to be Ignored, When.* Where parties, having legal capacity therefor, enter into a contract resting upon a valid consideration, such contract cannot be ignored by the court because it appears unreasonable or absurd that one of the parties thereto should have entered into the arrangement.

*Error from Jefferson District Court.*

ACTION by *Jared P. Barnes* against *Zack Gragg,* brought September 19, 1879, to recover upon a promissory note, of which the following is a copy:

"$1,941.23          VALLEY FALLS, KAS., April 17, 1876.

"One day after date I promise to pay to the order of M. P. Evans as cashier, at the Valley Bank and Savings Institution, nineteen hundred forty-one and twenty-three one-hundredths dollars, with interest at twelve per cent. per annum after due until paid; also costs of collecting, including reasonable attorney's fees, if suit be instituted on this note. Value received.

His<br>ZACK  X  GRAGG.<br>mark.

"Witness to mark: M. P. HILLYER."

On the 18th of October following, Gragg filed the following answer:

(Court and title omitted.) "And now comes the defendant, and for his answer to plaintiff's petition herein, says that he denies each, all and every allegation therein contained.

"*Second Defense:* And defendant further says, that on the 17th day of April, 1876, the Valley Bank and Savings Institution held a note of defendant and one John Gragg, for the sum of $1,822.50, which said note was then and for a long time had been due and unpaid; that said defendant Zack Gragg was security on said note; that he never received or had any of the consideration for which the same was made; that thereupon this defendant and the said Valley Bank and Savings Institution entered into an agreement in substance, as follows, to wit: It was agreed that the Valley Bank and Savings Institution would assign the note held by it as aforesaid to the defendant, and that said defendant should then permit the said Valley Bank and Savings Institution to bring suit thereon in the name of said defendant against said John Gragg, and in his name to prosecute the same to judgment, and in the name of this defendant to prosecute any other suit necessary and advisable to be instituted and conducted until the said judgment should be finally collected, and that upon the collection of the same that this defendant would pay over to the said Valley Bank and Savings Institution any and all moneys that might come into his hands by reason of such suit, and return and transfer said promissory note back to said bank, and that said defendant would make, execute and deliver to said Valley Bank and Savings Institution the note sued on herein, to be held by said bank as security for the faithful performance of the contract aforesaid on the part of this defendant; and defendant avers that all the conditions to be by him performed in said contract have been by him performed in good faith, and said promissory note has been sued on herein as was agreed as aforesaid, and has been prosecuted to judgment; but said judgment has never been collected, and defendant now is willing and always has been willing to assign the said judgment and the said promissory note to said bank, or any person that it may direct, and now here offers so to do; and that said promissory note sued on herein was made in pursuance of said contract, and that defendant never at any time received any consideration therefor whatever. And defendant further avers that said Valley Bank

and Savings Institution then and there undertook, promised and agreed with the defendant that said note should never be collected from defendant if he (defendant) would faithfully comply with said contract aforesaid, and that the same should not at any time be assigned or transferred. And defendant further avers, that at the time of the making of said contract between said defendant and said Valley Bank and Savings Institution as aforesaid, the said plaintiff J. P. Barnes was a stockholder in said bank, and one of the directors thereof, and had actual notice and knowledge of the facts above stated, and all of them.

"*Third Defense:* And the defendant further avers, that the promissory note mentioned in the second defense herein, as having been given by this defendant and one John Gragg to the Valley Bank and Savings Institution, for the sum of eighteen hundred and twenty-two and fifty one-hundredths dollars, was wholly for usurious interest that accrued to said Valley Bank and Savings Institution upon loans of money made by said Valley Bank and Savings Institution to one John Gragg, and for which loans this defendant became and was security; that there was no other consideration ever received by defendant John Gragg, or any other person, for said note.

"*Fourth Defense:* That the note sued on herein was given by defendant for no other consideration than is herein stated. That heretofore, one John Gragg had made to the Valley Bank and Savings Institution his note for eighteen hundred and twenty-two and fifty one-hundredths dollars, dated — day of—— 187–; that this defendant signed said note as security only; that said note fell due on the — day of—— 187–; that after said note fell due, defendant, at the request of said Valley Bank and Savings Institution, gave it the note in suit for the special purpose of enabling the said bank to assign said note to defendant, so that defendant might thereby bring suit thereon in his own name for the benefit of said bank, with the agreement on the part of the defendant that he would pay over to said bank the proceeds of said judgment or assign the same to said bank on demand, and with the further agreement on the part of the defendant and said bank that said note should be used for no other purpose, but that the same should be returned to defendant upon the recovery of said judgment. And defendant avers that said bank diverted said note from the purpose for which it was given, and sold and assigned it to the plaintiff; but defendant

avers that plaintiff was at the time of the making of said note, and ever since has been and now is, one of the stockholders of said bank, and a director thereof, and had full notice and knowledge of the matters aforesaid.

"Wherefore, defendant asks that plaintiff be not allowed to further prosecute the action."

On the 20th of October the plaintiff filed his reply thereto, as follows (court and title omitted):

"The plaintiff, for reply to the answer of defendant herein filed, says: That the defendant is estopped from pleading or asserting that there was ever any usury or usurious interest contained or included in the promissory note for $1,822.50, mentioned in said answer, for the reason that on the 28th day of November, 1876, the defendant recovered a judgment upon said note against the John Gragg mentioned in said answer, in the district court of the county of Jefferson, in the state of Kansas, for the full sum of $1,822.50, and interest thereon from the date of said note. Said judgment was rendered in and by said court in an action then duly pending therein, in which the said Zack Gragg was plaintiff and the said John Gragg was defendant; and in said action it was found and adjudged by said court that said note was valid, and was given for a good and sufficient consideration, and that there was due thereon from said John Gragg to the holder of said note the full sum of $1,822.50, and interest thereon from date of said note.

"Plaintiff denies each allegation and all averments in said answer, except such as are stated and admitted in plaintiff's petition herein, or in this reply."

Trial had February 25th, 1880, by the court, with a jury. The court held that the execution of the note sued on in this action, and the assignment thereof to plaintiff as alleged in plaintiff's petition, were admitted by the pleadings, and it was by the court ordered that the defendant should have the opening and closing in the introduction of the testimony, and arguments of counsel. The defendant then, among other, introduced the following testimony:

Zack Gragg, being duly sworn, testified as follows:

"My name is Zack Gragg. I am the defendant in this action. On October 1st, 1875, I and John Gragg executed to

the Valley Bank and Savings Institution a promissory note, of which the following is a copy, to wit:

"'$1,822.50.                     VALLEY FALLS, KAN., Oct. 1, 1875.

"'One day after date we promise to pay to the order of M. P. Evans, cashier, at the Valley Bank and Savings Institution, eighteen hundred twenty-two and $\frac{50}{100}$ dollars, with interest at twelve per cent. per annum after due until paid; also costs of collecting. including reasonable attorney's fees if suit be instituted on this note. Value received.          JOHN GRAGG,

Witness:                                        His
M. P. HILLYER.   .                   ZACK $\times$ GRAGG.'
                                                mark.

"The said bank continued to hold said note until April 28, 1876, at which time I executed the note sued on in this action, and delivered it to said bank, and at the same time received from said bank the said note dated October 1, 1875. And at the time of the delivery of said last-named note to me, the cashier of said bank wrote across the face of it the following, to wit: 'Apr. 28, 1876. Received of Zack Gragg, surety, $1,949.04, in full payment. M. P. Evans, cashier, &c.'

"I was surety on that note, and John Gragg was principal. On said April 28, 1876, the said John Gragg had no property standing in his name out of which anything could be made on execution, but there was some real estate then standing in the name of a third party which I and M. P. Hillyer, the president of said bank, thought could be subjected to the payment of John Gragg's debts, but it was then represented to me by said Hillyer that there would be less prejudice against me than against the bank in proceedings to subject that real estate to the payment of John Gragg's indebtedness on the note; whereupon it was agreed between myself and Hillyer that I should take the note signed by John Gragg and myself and sue on it in my own name, and that I should pay over to said bank all that I should collect on it, and I was to have credit for all I could so collect and pay over; and I also agreed to assign to the bank any judgment I should get against John which should remain uncollected, and that I would return the note. I gave the note sued on in this action as security to the bank that I would perform my part of the agreement just stated; and said Hillyer then agreed to return me my individual note when I should return the note signed by John Gragg and myself, together with whatever I should collect and obtain on it. With the advice and concurrence of said Hillyer, I brought a suit against John Gragg in this court.

"At the time of the rendition of the judgment, on November 28, 1878, in the suit of myself against John Gragg, the

note signed by John Gragg and myself was delivered to the clerk of the court and filed with the papers of the case. I have never collected anything on that judgment, and have never paid anything on either of the notes I have mentioned. There was no agreement that I was to have any credit upon my indebtedness to the bank for the assignment of an uncollected judgment against John Gragg, but I was to have credit for what I should collect and pay over."

R. D. Simpson also testified as follows:

"Prior to September last, and while the Valley Bank and Savings Institution still held the note sued on in this action, I heard M. P. Hillyer, the president of said bank, say that said note was held by the bank as security; and since this action was commenced I heard said Hillyer express surprise that Barnes had brought suit on it, and he then said that it was given as security, and was not to be sued on."

The court instructed the jury as follows:

"*Gentlemen of the Jury:* The execution of the note sued on to the Valley bank by the defendant, and the assignment of the same to the plaintiff, is admitted. You have heard and fully understand the nature of the defense upon which the defendant relies.

"The burden of proof is upon the defendant to establish his defense against the claim of the plaintiff by a preponderance of the evidence.

"You are the exclusive judges of the evidence, of its weight, and of the credibility of the witnesses.

"Now it is admitted by both parties that, previous to the execution of the note upon which this suit is brought, the Valley bank held a note on John Gragg and Zack Gragg for $1,822.50, and that John Gragg was principal and that Zack Gragg was only surety. It is admitted that by some arrangement between the bank and Zack Gragg, this note for $1,822.50, (which for convenience we will call the old note), was turned over by the bank to Zack Gragg, and that he executed the note sued on in this action. But the parties differ as to what was this arrangement.

"Now if the jury find from the evidence, that the arrangement and understanding between the bank and Zack Gragg, was that the old note was turned over to Zack Gragg solely for the purpose of enabling him to attempt to collect from John Gragg, or from property which it was supposed could be reached as his, the amount of the note, or as much as he

could, that he (Zack Gragg) was to commence suit against John Gragg for that purpose, turn it over to the bank to be credited on the old note, and assign to it the judgment, if any, obtained against John Gragg, and be entitled to receive from them the note which is sued on, and that the note sued on was taken and held by the bank, solely as security that Zack Gragg would faithfully perform his part of said agreement — they will find for the defendant.

"If they do not so find from the evidence, their verdict will be for the plaintiff, for the sum of $2,855.57."

To the giving of which instructions, and to each and every proposition thereof, the plaintiff excepted.

The jury returned a verdict in favor of the defendant. Plaintiff filed a motion for a new trial, which was overruled. He excepted, and brings the case here.

*Keeler & Gephart, W. C. Webb*, and *Leland J. Webb*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by Barnes on a promissory note of $1,941.23, executed by the defendant to the Valley Bank and Savings Institution, and assigned by the bank to the plaintiff.

The question for our consideration resolves itself into this: Were the matters set forth in the second and fourth defenses of the answer of the defendant sufficient in law to defeat a recovery? It is not contested that the parties had the legal capacity to make the contract set forth in the second and fourth defenses of the answer, nor is it claimed that such contract is without consideration, or illegal, or in any other respect void. It is, however, argued that the evidence tending to support the alleged contract was improbable and unreasonable, and that there could have been no motive or purpose on the part of the bank to enter into such an agreement, as the defendant was liable on the original note as a joint maker with John Gragg, and the bank could have collected the note from him without any suit against John Gragg, or the execution of any new or other note.

Whether the contract was wise or unwise, it is not for us to determine. Even if the contract was a ridiculous and foolish one for the bank to make, if the parties thereto had capacity to make it, and such contract rested upon a valid consideration, it was valid and binding between the parties for all purposes. If the original note was largely usurious, we can readily perceive that the agreement set forth in the answer might have been beneficial for the bank, and not at all unreasonable. The answer in this view constituted a defense to the action, and if established on trial, plaintiff was not entitled to recover. The evidence of defendant and one Simpson proved substantially all the facts alleged in the answer; and as the jurors were the exclusive judges of the evidence, of its weight, and of the credibility of the witnesses, and from their findings must have accredited the witnesses for the defendant and rejected the evidence offered by the plaintiff, and as the trial court afterward rendered judgment upon the verdict of the jury, we perceive no valid reason for setting the judgment and verdict aside.

Counsel for plaintiff claim, however, that not only was the great preponderance of the testimony against the verdict, but that such preponderance was overwhelming. The indorsement of April 28, 1876, on the face of the note executed October 1, 1875, signed by the cashier and acknowledging the receipt from the defendant of $1,949.04 in full payment, bears very heavily against the strength of the evidence of the defendant, and we must confess that a perusal of all the evidence makes the claim of the plaintiff the more reasonable one. But receipts are always explainable by testimony, and the jury had the right to disbelieve the oral evidence of the plaintiff, as the evidence of the defendant conflicted therewith. Therefore we cannot say that there was no testimony to sustain the verdict, and long ago it was established as a rule of this court, that the verdict of a jury will not be disturbed if there is positive testimony to sustain it. Of course if there was a total want or failure of evidence to sustain the verdict, this court would set aside the judgment. The case

of the plaintiff does not reach up to this point.    The most
that can be said, we think, is that the preponderance of the
evidence was against the verdict.

Counsel for plaintiff further contend that there was a vari-
ance between the evidence of defendant and the contract set
up in the answer.    They say, in support of this, that the bank
did not assign the note of October 1, 1875, to the defendant;
and again, that the defendant did not return said note.    We
do not regard this variance material, as the defendant testified
that the arrangement was that the suit should be brought upon
the original note in his own name against Gragg; and it ap-
pears that an action was brought upon it in his own name,
and a judgment recovered therein.    Again, at the time of in-
stituting such action, he filed the original note with the clerk
of the court, and in his answer to this action, he offered to as-
sign the judgment and the promissory note to the bank, or to
any person that it might direct.    We do not think the court
erred in refusing to instruct the jury to find for the plaintiff,
nor do we see any material error in the instructions given.

The plaintiff might have asked instructions upon his part,
setting forth specifically the entire arrangement pleaded as a
defense; but no instructions were asked by him, and the in-
structions as given we do not think erroneous.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.