W. F. DENDY *et al.* v. PAUL RUSSELL.

No. 13,170.   (74 Pac. 248.)

SYLLABUS BY THE COURT.

CONTRACT—*Consideration for Forbearance of Action.*   A promise to do an act which one is not otherwise legally bound to perform is a sufficient consideration for a contract to forbear action, notwithstanding the act is one apparently more to the interest of the promisor than of the promisee, and notwithstanding it may be difficult to ascribe a motive to the latter for wishing it done.

Error from Miami district court; JOHN T. BURRIS, judge.   Opinion filed November 7, 1903.   Affirmed.

*B. T. Riley*, and *Frank M. Sheridan*, for plaintiffs in error.

*N. W. Wells*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: Dendy & Peck bought certain cattle of Paul Russell, who warranted the title.   The First National Bank of Cobleskill, New York, claimed the cattle under a mortgage and brought replevin for them against Dendy & Peck in the district court of Reno county, getting possession under an order of delivery. Dendy & Peck notified Russell of the action and defended against it.   The bank recovered judgment. Thereupon Dendy & Peck brought the present action against Russell upon his warranty.   Russell bases his defense upon a contract which he alleges was made between himself and Dendy & Peck, after the rendition of the judgment in the replevin suit, by which Dendy & Peck agreed not to sue upon the warranty until the replevin case should have been carried to the supreme court and a final determination there had, in consideration of which Russell agreed to carry

46—67 KAN.

the litigation through the supreme court at his own expense. Russell's answer did not state the contract in these very terms, but the parties agree in considering this the substance of the defense. A petition in error was filed in this court and is now pending. The district court held that such contract constituted a good defense if proved, and the jury found that it was in fact made. Judgment followed for the defendant, from which the plaintiff prosecutes this proceeding in error.

The important question in the case is whether the contract of forbearance as stated was supported by any legal consideration. Plaintiffs contend that under it Russell only agreed to do what he was in law already bound to do. We think otherwise. Granting that plaintiffs owed no duty to defendant to carry the litigation further than the district court, and that if they cared to prosecute proceedings in error they had the right to do so at the expense of Russell, the latter was under no obligation to Dendy & Peck to institute and conduct proceedings in error. True, such proceedings would be for the benefit of Russell rather than for that of Dendy & Peck, who had their remedy against him and were therefore not personally concerned with the result, provided Russell was financially responsible. And it may be difficult to understand why Dendy & Peck should wish to induce Russell to carry the litigation further, their claim against him being ripe. But with such questions the courts have no concern. It is not necessary to speculate upon the possible reasons for the course of Dendy & Peck. It is enough if they agreed to withhold action on the warranty in consideration of Russell's doing an act which otherwise he was not bound to perform. See *Barnes v. Gragg*,

28 Kan. 51, 57, where, of a somewhat similar condition it was said :

"It is, however, argued that . . . there could have been no motive or purpose on the part of the bank to enter into such an agreement. . . . Whether the contract was wise or unwise it is not for us to determine.   Even if the contract was a ridiculous and foolish one for the bank to make, if the parties thereto had capacity to make it, and such contract rested upon a valid consideration, it was valid and binding between the parties for all purposes."

A part payment of a debt at a place different from that at which by the terms of the contract the whole is payable is a sufficient consideration for an extension of time on the balance ( 6 A. & E. Encycl. of L. 2d ed. 755 ) ; and it would hardly be thought competent for a court to institute an inquiry as to why the obligee should wish his debt paid at one place rather than another.   However, in the present case a doubt of Russell's ability to respond to a judgment for damages, together with a disinclination to be themselves at the trouble of looking after further litigation, may have furnished Dendy & Peck an adequate motive for entering into the new contract.

Among other errors assigned are the setting aside of a former judgment for plaintiff, the refusal of a new trial on the ground of surprise, the sending of the pleadings to the jury to define the issues, and the permitting of improper statements in the argument to the jury.   The order setting aside the first judgment was made upon evidence in part oral, and rested in the discretion of the trial court.   The decision upon the matter of surprise may have been to some extent affected by the oral evidence at the trial.   At all events we do not find sufficient reason for reversal on this account.   While the pleadings were sent to the

jury the issues were elsewhere sufficiently defined. The statements in argument complained of, whether proper or not, do not require a reversal.

The judgment is affirmed.

All the Justices concurring.