## H. PEASLEE v. JOHN WALKER ET AL.

### Decided January 20, 1904.

**1.—Land Grant—Final Title—Second Grant on Same Concession.**

The execution by the proper alcalde, on October 4, 1833, of final title to eleven leagues of land, upon a concession for that amount (Rafael de Aguirre grant) exhausted his authority to extend title under that concession; and his grant of final title, regular in form, of eleven leagues in another locality, under the same concession, conveyed no title, in the absence of evidence that the grantee never accepted, or after accepting abandoned the first location. (Following Howell v. Hanrick, 88 Texas, 383.)

**2.—Note—Consideration—Compromise of Suit.**

The compromise of a pending suit for the recovery of land is sufficient consideration for notes given by defendant therein upon such settlement, though it turns out that he already had the valid title.

**3.—Homestead—Husband and Wife—Compromise of Suit—Vendor's Lien.**

The compromise by the husband of a suit for the homestead of himself and wife by one having no title thereto, whereby he accepted a conveyance from such plaintiff and executed in consideration his notes for the purchase money in settlement, with a vendor's lien retained by the plaintiff, was ineffective to fix such lien upon the homestead, even in favor of an innocent purchaser of the notes.

Appeal from the District Court of Williamson. Tried below before Hon. R. L. Penn.

Peaslee sued Walker to recover on notes and foreclose a vendor's lien, and appealed from a judgment for the amount of the notes, but which denied him foreclosure.

*Strickland & Ward* and *West & Cochran,* for appellant.

*W. W. Nelms* and *W. H. Nunn,* for appellee.

DOOM, SPECIAL CHIEF JUSTICE.—This suit was instituted by H. Peaslee, plaintiff, against John Walker, defendant, to recover the amount due on two promissory notes executed and delivered to him by E. G. Hanrick and W. L. Goodrich, plaintiff alleging that he was a bona fide purchaser of said promissory notes for value and before maturity, and that they were given for part of the purchase money for a tract of 160 acres of land, less 16 acres, being the John Walker survey out of the Rafael de Aguirre grant in Williamson County, Texas, and secured by vendor's lien on the land, which plaintiff also sought to foreclose.

The defendant, John Walker, answered by general denial, and specially that E. G. Hanrick and L. W. Goodrich had no title, legal or equitable, to the land sold him, and that said land was in fact covered by a patented survey in his own name, and that he and his wife had long occupied the same as their homestead, and that for that reason the lien asserted by plaintiff did not exist, and prayed that the same be canceled and that the cloud cast thereby on defendant's title be removed.

Martha Walker, the wife of the defendant, intervened in the case

and set up the same facts alleged by the defendant, and that she was not a party to the execution of the promissory notes, and prayed for cancellation of the alleged lien and removal of cloud from title.

The District Court rendered judgment in favor of the plaintiff against the defendant John Walker for the amount due on the two promissory notes, but refused to foreclose the vendor's lien claimed by plaintiff, and decreed that the cloud cast upon the title to the property of the intervener and defendant by reason of the execution and delivery of the two promissory notes be removed.

*Conclusions of Fact.*—1. On the 4th day of October, A. D. 1833, Luke Lesassier, alcalde, in pursuance of a proper concession for eleven leagues of land, survey and field notes, and consent of the Empresarios. Austin and Williams, issued to Rafael de Aguirre the final title of possession to eleven leagues of land on the river Brazos.

2. On the 22d day of October, A. D. 1833, the same alcalde, by virtue of the same concession, on another survey and field notes, with consent of the Empresarios Austin and Williams, issued another final title of possession to the said Rafael de Aguirre for eleven leagues of land; ten leagues on San Javial Creek and one league on Cow Bayou, the ten leagues on San Javial Creek being in Williamson County, Texas, and including the land on which plaintiff in this case claimed a vendor's lien.

3. Prior to November 13, 1877, the defendant John Walker and his wife settled upon the land involved in this suit and continuously since so settling thereon have been in actual possession thereof, using and occupying the same as a homestead. On August 2, 1884, the patent was issued by the State of Texas to said land to the said John Walker, under the provisions of an act for the benefit of actual occupants of the public lands, approved May 26, 1873.

4. On November 13, 1877, E. G. Hanrick instituted suit in the District Court of Williamson County, Texas, against a large number of persons claiming the land on the Rafael de Aguirre ten leagues adverse to said Aguirre, and against the said John Walker, to recover of him the title and possession of the land now in controversy,— Hanrick deraigning title thereto under the grant to Rafael de Aguirre, of date October 22, 1833, and this suit was still pending at the time of the execution of the two promissory notes sued on. On the 8th day of March, 1898, the date of the execution of the two promissory notes, the said E. G. Hanrick and L. W. Goodrich owned whatever title, if any, to the land in controversy which passed to the said Rafael de Aguirre, by virtue of the said final title, issued on October 22, 1833, and on said day the said Hanrick and Goodrich and the said John Walker agreed upon a compromise of the said suit, and the said Hanrick and Goodrich executed to the said Walker a deed for the land in controversy, and the said Walker, in consideration of such deed and for the purpose of effecting such compromise executed and delivered to

the said Hanrick and Goodrich the two promissory notes, each reciting that it was given for a part of the purchase money for the land in controversy, and that a vendor's lien was retained by the said Hanrick and Goodrich to secure the payment thereof.  The said John Walker, in accepting the deed from Hanrick and Goodrich to said land and in executing the two promissory notes, acted in good faith for the purpose of settling the said suit and quieting his title to said land, and in so doing acted under and in conformity with the advice of his attorney representing him in said suit.  The defendants in the suit brought by Hanrick acted together in employing attorneys and defraying the expenses of defending such suits, making a common fight, and at the time of the compromise made by Walker all of the other defendants had compromised with Hanrick and Goodrich, and had Walker not compromised, he would have had the entire expense of defending the suit against him to bear from that time, and which would probably have been seven or eight hundred dollars.  The wife of John Walker was never a party to the suit brought by Hanrick to recover the land. The land at the time of the compromise was worth $25 to $30 per acre. The intervener, the wife of John Walker, did not consent to the compromise and did not know of such compromise until after the same was made.

5.   The plaintiff H. Peaslee purchased both of the promissory notes sued on from Hanrick and Goodrich for value and before maturity of either one of the said notes.

*Conclusions of Law.*—1.   The concession, survey and field notes, consent of the empresarios and final title extended to Rafael de Aguirre on the 4th day of October, A. D. 1833, for eleven leagues of land on the Brazos River, was in form and substance a valid grant, and in the absence of evidence that Rafael de Aguirre never accepted the grant of the land, or after accepting them abandoned them, vested title in him and those claiming under him, to the eleven leagues of land.

2.   A valid grant having been made to Rafael de Aguirre on the 4th day of October, A. D. 1833, for eleven leagues of land on the Brazos River, the power to issue title on the concession was exhausted and the title extended to him on the 22d day of October, A. D. 1833, for the ten leagues of land in Williamson County and one league at another place, was absolutely void as to all persons, and did not in any way appropriate the land or confer any right thereto, and it was public and unappropriated public domain subject to appropriation by the defendant John Walker at the time his survey was made.  Howell v. Hanrick, 88 Texas, 383.

3.   The compromise of the suit of Hanrick against the defendant John Walker for the recovery of the title to and possession of the land was a sufficient consideration for the execution of the two promissory notes sued on, and the District Court correctly rendered judgment against him for the amount due on the notes.

4. The land being vacant and unappropriated public domain at the time of the settlement of the defendant and his wife, they acquired title thereto under the pre-emption law of May 26, 1873, and it became their homestead, and the suit of Hanrick against the defendant John Walker, to recover the title to and possession of the land, was not different from any suit which might be brought to recover the title to and possession of any land occupied as a homestead based on no claim of right whatever.

5. The Constitution, in article 16, section 50, provides that no mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor or improvements made thereon, whether such mortgage or trust deed or other lien shall have been executed by the husband alone or together with his wife, and that all pretended sales of the homestead involving any condition of defeasance shall be void, and the title of the defendant John Walker and his wife to the 160 acres of land being complete, and the land being their homestead, it was not within the power of the defendant John Walker and E. G. Hanrick and L. W. Goodrich, by a compromise of the suit of Hanrick against the defendant Walker based on no claim of right to the land, to place a lien on the homestead to secure the payment of the money for which the suit was compromised, in the form of making a deed of conveyance to the defendant conveying the land and retaining a lien thereon, or in the form of a mortgage, deed of trust or otherwise.

6. The defendant and his wife had perfect title to the land, and were living thereon at the time the two promissory notes were executed. They made no deed of conveyance conveying the land, nor did they do any other act to mislead anyone as to the character of their possession. The two promissory notes were not given for any part of the purchase money of the land, because the title to it was already complete and the vendors E. G. Hanrick and L. W. Goodrich had no claim whatever to the land. The transaction amounted to nothing more than an attempt on the part of John Walker to create a lien on the homestead to secure the payment of a debt which he incurred in compromise of the suit, and the fact that the plaintiff purchased the two promissory notes for value and before the maturity of either one of them does not place him in any better position than he would have been if they had been secured by mortgage or deed of trust on the homestead.

The judgment of the District Court was proper in all things, and is therefore affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court, March 31, 1904.