Hurless v. Wiley.

No. 18,562.

G. W. HURLESS, *Appellee*, v. H. C. WILEY, Revived in the Name of E. M. WILEY et al., as Administrators, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. SALE—*Concurrent Oral Contract of Seller to Find Purchaser —Good Consideration.* Where, after a written contract for the sale of land has been entered into, the seller signs an undertaking to find a purchaser at an advanced price, within a stated time, the buyer may obtain damages for the breach of the agreement evidenced by such subsequent writing, upon proving by parol evidence that the consideration for it was an oral promise to the same effect made when the original contract was executed.

2. ACTION—*Breach of Contract—Inability to Perform—No Defense.* An action for the breach of an agreement to find a purchaser for a tract of land at a fixed price, within a stated time, can not be defeated by showing the impossibility of procuring such a purchaser.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed January 10, 1914. Affirmed.

*R. W. Hoskinson*, and *Albert Hoskinson*, both of Garden City, for the appellants.

*H. O. Trinkle*, of Garden City, and *H. A. Gaskill*, of Liberal, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. C. Wiley and G. W. Hurless entered into a written contract by which the former agreed to sell, and the latter to buy, a tract of land at $25 an acre, and in pursuance of the contract a deed was delivered conveying the land from a third person to Hurless, who paid for it. A week after the execution of the contract Wiley signed and delivered to Hurless an agreement to find a purchaser for the land at $30

an acre within the ensuing year. No buyer was found and Hurless sued Wiley for a breach of the contract. The plaintiff recovered a judgment, and an appeal is taken by the administrators of the defendant.

The appellants maintain that the contract sued upon is unenforceable because not supported by a sufficient consideration. The plaintiff contends, and the fact must be regarded as established by the judgment, that at the time the first written contract was made the defendant orally agreed to find a buyer at $30 an acre within the year, this agreement being a part of the inducement for the purchase, and that the subsequent writing was given in pursuance of this promise. The appellants insist that to sustain a recovery on this ground would be to allow the terms of the written contract to be varied by parol.

The agreement on the part of the seller, that he would find a purchaser for the property at a certain price within a fixed time, appears to be one of that class which may be shown by parol to have been entered into at the time of the written contract of sale, although not mentioned or referred to therein. It has relation to the consideration of the contract, and is a part of its inducement. Such matters are ordinarily allowed to be shown by oral evidence, where they do not contradict the terms of the written instrument. (17 Cyc. 648, 693; Note, 17 L. R. A. 274; Note, 25 L. R. A., n. s., 1194.) A somewhat similar question, concerning which there is some conflict, is whether the purchaser of a lot may show an oral agreement by the seller to make certain improvements on the tract of which it is a part. (Note, 36 L. R. A., n. s., 896.) The present situation seems to be one where the connection between the two writings might be shown by parol. This likewise is a matter concerning which there is a want of harmony in the authorities. (17 Cyc. 647; see, also, Schneider v. Anderson, 75 Kan. 11, 88 Pac. 525; Hendricks v. Brooks, 80 Kan. 1, 101 Pac.

622.) We prefer, however, to put the decision on this ground: If originally the buyer would not have been permitted to show that at the time of his purchase, and as an inducement thereto, the seller orally agreed to find a new buyer at an advanced price within the year, the reason is that the law protects the seller from having his documentary evidence overthrown by mere word of mouth. When he reduced the promise to writing the requirement of the law was met. The reason for his protection no longer existed. Oral evidence was necessary, not to prove the promise, but to show for what it was given. A consideration was implied from the contract being in writing, and its character was properly shown by parol.

The appellants also contend that no liability could attach for the breach of the contract to find a purchaser for the land at $30 an acre, because that was impossible, such a purchaser not being procurable. The performance of the agreement was not impossible in any such sense as to relieve the defendant from responsibility. (See *Hampe v. Sage*, 87 Kan. 536, and cases therein cited on p. 541, 125 Pac. 53.)

The judgment is affirmed.