No. 22,673.

S. A. GRUNDER, *Appellant,* v. W. R. YEAGER, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Delco Lighting Plant—Breach by Seller—Petition Stated Cause of Action.* The petition set out mutual promises of the parties respectively to buy and to sell certain personal property, breach of such agreement by the defendant, and damage to the plaintiff. *Held,* error to sustain a demurrer to such petition.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed May 8, 1920. Reversed.

*Robert Garvin,* of St. John, for the appellant.
*Ray H. Beals,* of St. John, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an order sustaining a demurrer to his petition.

This pleading alleged in substance that the defendant orally promised and agreed to sell and deliver to the plaintiff a Delco lighting plant worth $525 for $400, and that the plaintiff agreed to accept and pay for it on delivery. Whereupon, he prepared the foundation for the plant and contracted for the equipment and wiring of his house, but the defendant sold the plant to another and refused to carry out his agreement with the plaintiff, whereby the latter was damaged $125.

It is argued that the agreement did not constitute a sale. Very true, but it did constitute a contract to sell, which is quite as sacred and binding as any other contract. But it is said there was no consideration—hence no damages. This will not do. Each promise was a sufficient consideration for the other, and no payment was required to make it obligatory. (*Patton v. Mills,* 21 Kan. 163; *Holmden v. Janes,* 42 Kan. 762, 23 Pac. 92; *Dendy v. Russell,* 67 Kan. 721, 74 Pac. 248; *Hurless v. Wiley,* 91 Kan. 347, 137 Pac. 981; 13 C. J. 327; 6 R. C. L. 676.) According to the petition the procurement of a $525 plant for $400 was lost, as well as the trouble of contracting for wiring the house—all because the defendant breached his agreement.

A cause of action was stated, and the order is reversed.