No. 29,531.

Nick Greiner, *Appellee*, v. Maggie Greiner, *Appellant*

(296 Pac. 349.)

Opinion filed March 7, 1931.

*C. A. Walsh, Jr.,* of Concordia, for the appellant.

*R. L. Hamilton, C. L. Kagey, Leon W. Lundblade* and *L. M. Kagey,* all of Beloit, for the appellee.

The opinion of the court was delivered by

Harvey, J.: The defendant in this case appealed from a judgment obtained against her in an action brought by her son on the following instrument:

"September 25, 1926.

"I hereby agree to pay Nick Greiner $2,000 in cash and this to be a settlement in full on claim he was disinherited by his father. Money to be paid on or before six months from date. (Signed) Maggie Greiner."

Defendant, in her answer, admitted the voluntary execution of the instrument, alleged that it was without consideration, and averred that she had signed the same to express her intention of giving to plaintiff that sum as a gratuity, and since then had altered her intention and no longer cared to do so, and that at no time, either before or since signing the instrument, was she indebted to him in any sum. Plaintiff put those averments in issue by a general denial. The evidence disclosed that plaintiff's father died in 1909, leaving a will in which he gave to plaintiff but $5, and leaving the bulk of his estate, which was considerable, to defendant and to some of his other children; that plaintiff had planned to contest the will soon

after it was probated, and that to prevent such action defendant had told him that she would give him enough in property or money to amount to his inheritable share in the property. Relying on this promise, plaintiff did not contest the will. The matter had gone on with discussions of the settlement from time to time and renewed promises, as above mentioned, on behalf of defendant to plaintiff, until the date of the instrument sued on, at which time, in the presence of the cashier of the bank where defendant transacted business, plaintiff insisted that defendant make her promises good, and at that time the amount, $2,000, was agreed upon, and defendant, not having the ready money, executed the instrument above set out. In answer to special questions the jury found that defendant was indebted to plaintiff on September 25, 1926; that she became indebted to him within the period provided by statute for the contest of his father's will by promising him that if he did not contest the will she would make his share equal in the estate, and that plaintiff agreed not to contest the will, in reliance on the promise of his mother.

The appellant argues that there was error in the admission and exclusion of evidence. It will not be necessary to treat these claims with the detail they are discussed in appellant's brief. The objections relate largely to the form of questions or of answers and to rulings on questions relating to the motives and good faith of witnesses, as affecting their credibility. These are matters which rest largely within the discretion of the trial court. The evidence, of necessity, related to matters extending over a long period of time and many family conferences. Naturally there would be a limit to the scope of such inquiries. The entire record indicates that the court gave the parties as much latitude as was consistent with the issues, and no abuse of discretion is shown.

In the progress of the trial defendant desired to amend her answer to plead that since the execution of the instrument sued on plaintiff and defendant had made a verbal agreement to cancel the writing upon the promise of defendant that she would permit plaintiff to share in her estate equally with the other children. The court refused to permit this amendment, and appellant complains of that ruling. In addition to the late request, the amendment would not have conformed to the evidence, for defendant specifically testified she had made no agreement of that kind with the plaintiff.

Appellant complains of the instructions of the court to the effect that forbearance of plaintiff to bring an action to set aside his father's will, even though the circumstances were such that the action could not have been successfully maintained, would have been sufficient consideration for the original promise of defendant to give plaintiff property or money equal to a child's share in his father's estate. This is in accordance with the previous rulings of this court. (*Reed v. Kansas Postal Telegraph & Cable Co.*, 125 Kan. 603, 264 Pac. 1065; *Sawtelle v. Cosden Oil & Gas Co.*, 128 Kan. 220, 277 Pac. 45.) Since this became a valid obligation on the part of defendant at the time the agreement was really originally made, there is no reason why she should not carry it out if she was willing to do so at the time of the execution of the instrument sued upon.

We find no error in the record, and the judgment of the court below is affirmed.