Jewell C. EDENS, Appellant,

v.

M. L. DUNCAN et al., Appellees.

No. 3509.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1959.

Clyde E. Thomas, Big Spring, for appellant.

Coffee & Coffee, Big Spring, Dixon & Fleming, Fort Worth, for appellees.

WALTER, Justice.

Jewell C. Edens filed suit against M. L. Duncan and wife, Betty Grace Duncan, on a promissory note for $11,000.00 and for a foreclosure of a mechanic and material-man's lien. The Duncans answered and alleged that prior to the execution of the note and the mechanic and materialman's lien contract, Edens agreed to construct a house for the Duncans for the sum of $11,000.00 and that it was further agreed between the parties that Edens would accept an old house and lot as a credit on the note for $5,500.00.

At the conclusion of the testimony both parties informed the court there was nothing for the jury to decide and the only question involved was one of law as to whether or not the prior and contemporaneous parol agreement was admissible in evidence. The court rendered judgment for the plaintiffs for $5,500.00 and considered the prior and contemporaneous parol agreement and allowed a $5,500.00 credit on the note.

From such judgment the plaintiff has appealed, contending the court erred in considering said oral agreement and rendering judgment that the Duncans were entitled to a $5,500.00 credit on the note. No point is made on this appeal about the fact that there was a prior and contemporaneous oral agreement that appellant would accept the house and lot as a credit of $5,500.00 on the note. The court found that such an agreement was made. The evidence shows that after the papers were signed the appellant took charge of the old house and started tearing it down.

The parol evidence rule is not a rule of evidence at all but a rule of substantive law. McCormick and Ray, Texas Law of Evidence, 2nd Ed., page 444, par. 1601; 20 Am.Jur., Evidence page 963, par. 1100; 32 C.J.S. Evidence § 851, p. 787.

The parol agreement of allowing a credit of $5,500.00 on the note established an inducement and explained the circumstances under which the written instruments were executed. It revealed that the written instruments were not intended to be a complete and final settlement of the whole transaction. Pope v. Hennessey, Tex.Civ. App., 38 S.W.2d 834, 835. The court in the Pope v. Hennessey case cites and quotes with approval from Powelton Coal Co. v. McShain, 75 Pa. 238, as follows: "In this case it was alleged that plaintiff in error was induced to execute the note by the promise that there should be an adjustment of the accounts between the parties, and credit allowed for what was due to plaintiff in error, and proof of those facts did not tend to vary the written contract, but rather to explain it, and place the parties on the plane upon which they contracted with each other. If it could be held that by the strict letter of the law plaintiff in error should not be allowed to offer proof entitling him to credits on the note, because the note was evidence of a full settlement, a court of equity would come to the relief of the maker of the note, and permit him to show that the note was not intended as a full settlement between the parties, but that it had been agreed that there should be a further settlement, in which the maker of the note should have the benefit of credits claimed by him. To hold otherwise would be to allow defendant in error to profit by an ironclad rule, and obtain from plaintiff in error something which is not justly due him."

The general rule is well established that parol evidence is not admissible to vary or contradict the terms of a written instrument but there are many well established exceptions which are as well established as the rule itself. One of these exceptions is that a prior or contemporaneous parol agreement to apply certain credits as payment on a written instrument is enforceable and may be shown by parol. "Such matters relate to the performance of a contract and do not vary nor contradict it." Dooley v. Gray, Tex.Civ.App., 54 S.W. 2d 558. Our Supreme Court in the case of Hubacek v. Ennis State Bank, Tex., 317 S.W.2d 30, cited Dooley v. Gray with approval.

We find no merit in appellant's point and same is overruled.

Judgment of the trial court is affirmed.