**W. C. Jack MILLER, Appellant,**

v.

**George AARON, Appellee.**

**No. 16886.**

Court of Civil Appeals of Texas.

Dallas.

March 3, 1967.

Rehearing Denied March 24, 1967.

Bill C. Hunter, of Passman, Jones, Stewart, Andrews & Hunter, Dallas, for appellant.

Andrew J. MacMaster, Dallas, for appellee.

BATEMAN, Justice.

The appellant W. C. Jack Miller appeals from a summary judgment in favor of appellee George Aaron, upon a promissory note for $10,000, negotiable in form, dated February 8, 1964 and due August 1, 1965. The appellant filed a verified plea of *nudum pactum*.

By filing his motion for summary judgment under Rule 166–A, Vernon's Texas Rules of Civil Procedure, appellee assumed the burden of showing the absence of any genuine issue as to any material fact and that he was entitled to judgment as a matter of law, with all conflicts in the evidence being disregarded and the evidence viewed in the light most favorable to appellant, with all evidence tending to support appellant's position being accepted as true, and all doubts as to the existence of a genuine issue of a material fact being resolved against appellee. Moreover, if the credibility of affiants or deponents, or the weight of their statements, or a mere ground of inference, are involved, appellee must be held to have failed to show himself entitled to summary judgment. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup.1965, 391 S.W.2d 41, 47. By his first two points of error on appeal, appellant asserts that appellee failed to carry that burden in that there were genuine issues of fact as to whether there was a valid consideration for the note.

Vernon's Ann.Civ.St., Art. 5933, Sec. 24 provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." [1]

1. This statute, although repealed effective June 30, 1966, was in force at all times material herein.

It appears from the undisputed evidence that in 1962 certain land was owned by several persons, including appellant and appellee; that in October 1962 they contracted to sell the land to R. H. Lawrence and one McInroe, in connection with which Lawrence deposited $25,000 with a title company as "earnest money"; that this money was "released" to the sellers and when the sale was subsequently rescinded they became obligated to repay the $25,000 to Lawrence; that thereafter appellant dealt with his co-owners individually for the purchase of their respective interests in part of the land, and in August 1963 they all signed a contract of sale and a deed conveying the land to appellant. However, appellee testified by deposition (and it was not disputed) that he would not and did not sign the contract until appellant orally agreed, not only to reimburse Lawrence for the $25,000 he had deposited, thus relieving appellee and the other owners of their obligation in this respect, but also to pay appellee an additional sum of approximately $42,000 over and above the consideration recited in the contract, and that in February 1964 appellant prevailed upon him to accept promissory notes totaling $20,000 in satisfaction of such indebtedness. At that time appellant executed two promissory notes payable to appellee, each for $10,000, one being the note sued on and the other bearing a maturity date subsequent to the filing of this action. He also executed two notes payable to Lawrence, each for $12,500.

Appellee signed a letter bearing the same date as the said promissory notes, apparently in connection with the execution of the notes, addressed to appellant, in which it is stated that the notes are given as part of the settlement agreement "settling all of our differences" arising out of the sale of the land. In this letter appellee also agrees to release and discharge appellant "of and from any and all claims and causes of action arising out of the sale of said land," excepting only certain obligations assumed by appellant as expressed in the letter, not material to the matter under discussion. Appellant also signed in the margin of this letter under the word "ACCEPTED."

We are of the opinion that a valid consideration for the note sued on was shown. In the first place, the letter above mentioned indicates quite clearly that there was a controversy between the parties which was compromised and settled at the time the promissory note sued on was given. The letter corroborates appellee's deposition testimony to that effect. It is well settled that the compromise and settlement of a disputed claim is a valid consideration for a promissory note, even though it later appears that the claim was without merit. 11 Am.Jur.2d, Bills and Notes, § 231, p. 260; 9 Tex.Jur.2d, Bills and Notes, § 46, p. 58; Citizens Garage Co. v. Wilson, Tex. Civ.App., 252 S.W. 186, no wr. hist.; Aydelotte v. Anderson, Tex.Civ.App., 284 S.W. 2d 804, wr. ref. n.r.e.; Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201.

In Peaslee v. Walker, 34 Tex.Civ.App. 297, 78 S.W. 980, wr. ref., it was held that the compromise of a suit for the recovery of land, where the defendant held under a valid grant and the plaintiff under a void grant, was a sufficient consideration for notes given by the defendant. See also Dooley v. Gray, Tex.Civ.App., 54 S.W.2d 558, wr. dism.

In the second place, we think appellant was at least under a moral obligation to pay the additional compensation demanded by appellee for his interest in the land. It is well settled that a moral obligation is a sufficient consideration for a subsequent promise of the debtor to pay in the case where the original debt is barred by limitations or the bankruptcy or insolvency laws. 13 Tex.Jur.2d, Contracts, § 68, p. 210. We think the same principle is applicable here. As said in Simpson v. Williams Rural High School Dist., Tex.Civ.App., 153 S.W.2d 852, 855, wr. ref.:

"The law is that when an obligation is extinguished by operation of law instead

of by payment or satisfaction thereof by the debtor, a moral obligation to pay remains and this is a sufficient consideration for the new promise."

Appellant argues that, since the contract of sale of August 1963 did not mention this additional compensation, but did provide, in paragraph 12, that it embodied the entire agreement between the parties, any prior or simultaneous oral agreement was merged therein and, that being true, there was no controversy which could be the subject of compromise in February 1964, and that therefore there was no consideration for the note. We do not agree with appellant.

The rule relied upon by appellant is more commonly known as the parol evidence rule. This rule, which has been held to be a rule of substantive law, and not merely a rule of evidence,[2] is defined by McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 2, § 1601, p. 444, as "the rule which, upon the establishment of the existence of a writing intended as a completed memorial of a legal transaction, denies efficacy to any prior or contemporary expressions of the parties relating to the same subject-matter as that to which the written memorial relates."

To deny efficacy, or effectiveness, to the prior or contemporary agreement is not to declare it so completely devoid of life as to be beyond resurrection by appropriate and legally acceptable agreement. It is denied efficacy because it was in such form as failed to comply with the rule mentioned. From appellee's point of view, it was an integral part of his whole agreement with appellant. He in good faith thought he was entitled to enforce the entire agreement. Appellant's contention to the contrary made it a dispute of such a nature as to be subject to compromise settlement, and there is nothing in the law to discourage, much less prohibit, the compromise of a

claim based upon such a prior or contemporaneous agreement. "The policy of the law discourages litigation and favors the amicable settlement of controversies by compromise." 12 Tex.Jur.2d, Compromise and Settlement, § 2, p. 287. See same text, § 9, pp. 293–4.

A very similar situation was before the Supreme Court of Kansas in Hurless v. Wiley, 91 Kan. 347, 137 P. 981. Wiley sold Hurless a tract of land at $25 an acre. A week after execution of the contract Wiley signed and delivered to Hurless an agreement to find a purchaser for the land at $30 an acre within the ensuing year. No buyer was found, and Hurless sued Wiley for breach of this contract. Lack of consideration was pled, but it was established that at the time the first written contract was made Wiley had orally agreed to find a buyer at $30 an acre within the year, which agreement was a part of the inducement for the purchase, and that the subsequent writing to that effect was given to evidence the prior oral agreement. The court held that this agreement was supported by a valid consideration, saying:

"If originally the buyer would not have been permitted to show that at the time of his purchase, and as an inducement thereto, the seller orally agreed to find a new buyer at an advanced price within the year, the reason is that the law protects the seller from having his documentary evidence overthrown by mere word of mouth. When he reduced the promise to writing the requirement of the law was met. The reason for his protection no longer existed. Oral evidence was necessary, not to prove the promise, but to show for what it was given. A consideration was implied from the contract being in writing, and its character was properly shown by parol."

2. Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30; McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 2, § 1601, p. 444; Graham v. Huff, Tex.Civ. App., 384 S.W.2d 904, no wr. hist.; Edens v. Duncan, Tex.Civ.App., 331 S.W.2d 810; Restatement, Contracts, § 237, p. 332.

Appellant's first and second points of error are therefore overruled.

 By his third, fourth and fifth points of error on appeal the appellant contends the summary judgment was erroneous in that appellee's claim against him was unenforceable by reason of the Texas Real Estate Licensing Act (Art. 6573a, V.A.C.S.), the Statute of Frauds (Art. 3995, V.A.C.S.), and the Statute of Conveyancing (Art. 1288, V.A.C.S.). We see no merit in any of these points. Appellee's suit is not for a broker's commission or similar compensation for the sale of real property requiring him to be licensed under the Real Estate Licensing Act; nor is the suit brought on an oral agreement proscribed by the Statute of Frauds; nor is any violation or infringement of the Statute of Conveyancing shown. Appellant's claim, as we understand it, is that the promissory note was given to satisfy a claim for brokerage, to which appellee would not have been entitled because not licensed as a broker, and that it had its origin in an oral agreement which was unenforceable because of the Statute of Frauds. The claimed relevance of the Statute of Conveyancing is not made clear. However, as we see it, none of these statutes is applicable here. The suit is upon a promissory note given as a part of a compromise settlement of a claim based on an oral agreement to pay, not a broker's commission but a part of the purchase price of land. That being true, liability on the note cannot legally be avoided merely by showing that the claim thus compromised could not have been enforced in its original form because of either of the statutes mentioned. Appellant's third, fourth and fifth points of error are overruled.

Appellant has not carried the burden of persuading us that the trial court committed reversible error in rendering the summary judgment. It is our view that appellee carried his burden, cast upon him by appellant's sworn denial of consideration, of showing that there was valid consideration for the note as a matter of law, and that there was no genuine issue as to any material fact in connection therewith. Alexander v. Houston Oil Field Material Co., Tex. Civ.App., 386 S.W.2d 540, wr. ref. n. r. e.; Lewis v. Ada Employees Credit Union, Tex.Civ.App., 383 S.W.2d 864, wr. ref. n. r. e. Accordingly, the judgment appealed from is

Affirmed.