Don H. RAYBOURN, Appellant,

v.

Evander M. LEWIS, Edwin M. Jones Oil Company and 404 Development Company, Appellees.

No. 15952.

Court of Civil Appeals of Texas, San Antonio.

June 20, 1978.

Rehearing Denied July 12, 1978.

Earle Cobb, Jr., Cobb, Thurmond, Bain & Clark, San Antonio, for appellant.

Michael J. Kaine, Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by Don H. Raybourn, appellant herein, against Evander M. Lewis, Edwin M. Jones Oil Company, and 404 Development Company, appellees herein, for breach of an oral contract pertaining to the purchase, development and sale of real estate, and, alternatively, in quantum meruit for services rendered. Appellees filed a motion for instructed verdict, asserting: (a) the suit is on an oral contract for a fee for services involving real estate and there is no pleading or proof that appellant has a real estate license; (b) since recovery for compensation for appellant's services is barred by Article 6573a, Tex.Rev.Civ.Stat. Ann. (1978), The Real Estate License Act, he is precluded from recovery for the same services on a theory of quantum meruit; (c) appellant assigned his interest in such fee, if any, to Property Planning and Development Company, and there is a fatal variance between the pleading and the proof; (d) the oral contract is void because of indefiniteness and uncertainty. The trial court entered an instructed verdict that appellant take nothing.

Appellant asserts five points of error: (1) the trial court erred in granting an instructed verdict because appellant's evidence was sufficient to establish a prima facie case for recovery; (2) the trial court erred in holding as a matter of law that the contract violated Article 6573a, The Real Estate License Act; (3) the trial court erred in failing to hold that plaintiff was exempt from the provisions of Article 6573a; (4) the trial court erred in holding as a matter of law that appellant's claim was assigned to and assumed by Property Planning and Development Company prior to the time appellant performed any of the services; (5) the trial court erred in holding as a matter of law that there was no partnership between appellant and appellees.

Appellees, in their motion for instructed verdict, asserted several independent grounds. The judgment does not state upon which ground it was granted.

■ When a motion for instructed verdict has been granted, the aggrieved party, in order to obtain relief in this court, has the burden of establishing that the preemptory instruction cannot be supported on any of the grounds set forth in the instructed verdict. *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964); *Goldring v. Goldring*, 523 S.W.2d 749 (Tex.Civ.App.—Fort Worth 1975, writ ref'd, n. r. e.); *Carrico v. Stop-N-Go Markets of Texas, Inc.*, 492 S.W.2d 383 (Tex.Civ.App.—San Antonio 1973, no writ).

It is undisputed that Raybourn did not have nor has he ever had a real estate broker's license and also that he is not a licensed real estate salesman or appraiser.

Although appellees' motion for instructed verdict sets forth several independent grounds, we deem it unnecessary to discuss all of the grounds on which the instructed verdict might have been granted and will devote this opinion to a discussion of the undisputed fact that Raybourn did not have a real estate broker's license and the application thereto of the provisions of Article 6573a, The Real Estate License Act.

The pertinent provisions of The Real Estate License Act here involved may be summarized as follows:

Sec. 2.

.     .     .     .     .

(2) 'Real estate broker' means a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

(A) sells, exchanges, purchases, rents, or leases real estate;

(B) offers to sell, exchange, purchase, rent, or lease real estate;

(C) negotiates or attempts to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate;

(D) lists or offers or attempts or agrees to list real estate for sale, rental, lease, exchange, or trade;

(E) appraises or offers or attempts or agrees to appraise real estate;

(F) auctions, or offers or attempts or agrees to auction, real estate;

(G) buys or sells or offers to buy or sell, or otherwise deals in options on real estate;

(H) aids, attempts, or offers to aid in locating or obtaining for purchase, rent, or lease any real estate;

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate; or

(J) procures or assists in the procuring of properties for the purpose of effecting the sale, exchange, lease or rental of real estate.

(3) 'Broker' also includes a person employed by or on behalf of the owner or owners of lots or other parcels of real estate, at a salary, fee, commission, or any other valuable consideration, to sell the real estate or any part thereof, in lots or parcels or other disposition thereof. It also includes a person who engages in the business of charging an advance fee or contracting for collection of a fee in connection with a contract whereby he undertakes primarily to promote the sale of real estate either through its listing in a

publication issued primarily for such purpose, or for referral of information concerning the real estate to brokers, or both.

(4) 'Real estate salesman' means a person associated with a Texas licensed real estate broker for the purposes of performing acts or transactions comprehended by the definition of 'real estate broker' as defined in this Act.

Sec. 4. A person who, directly or indirectly for another, with the intention or on the promise of receiving any valuable consideration, offers, attempts, or agrees to perform, or performs, a single act defined in Subdivisions 2 and 3, Section 2 of this Act, whether as a part of a transaction, or as an entire transaction, is deemed to be acting as a real estate broker or salesman within the meaning of this Act. The commission of a single such act by a person required to be licensed under this Act and not so licensed shall constitute a violation of this Act.

Sec. 20. (a) A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed attorney at law in this state or in any other state.

(b) An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it.

Appellant, by one point of error, asserts that the trial court erred in failing to hold that appellant was exempt from the provisions of Article 6573a, The Real Estate License Act. There is no evidence in the record whatsoever to establish any of such exemptions.[1]

Appellant's pleadings assert that the contract involved provided for a $15,000 annual salary plus ten per cent (10%) of the profits. Raybourn's own testimony was to the effect that: he is not a licensed appraiser or broker of real estate; that appellees needed a real estate advisor; that after some discussion they entered into an agreement whereby he was to get an annual salary of $15,-000 and ten per cent (10%) of the profits; that he has not been paid ten per cent (10%) of the profits; that the gross profits of all the transactions was $1,691,000, and that he was entitled to $148,600; that after a month of working as an individual, his corporation (Property Planning and Development Company) took over the transactions involved; that Raybourn was the one who caused the purchase of various tracts of real estate; that land was bought on his advice. He testified in some detail as to various real estate transactions that he was involved with; that he was the real estate

1. Exemptions.

Sec. 3. The provisions of this Act shall not apply to any of the following persons and transactions, and each and all of the following persons and transactions are hereby exempted from the provisions of this Act, to wit:

(a) an attorney at law licensed in this state or in any other state;

(b) an attorney in fact under a duly executed power of attorney authorizing the consummation of a real estate transaction;

(c) a public official in the conduct of his official duties;

(d) a person acting officially as a receiver, trustee, administrator, executor, or guardian;

(e) a person acting under a court order or under the authority of a will or a written trust instrument;

(f) a salesperson employed by an owner in the sale of structures and land on which said structures are situated, provided such structures are erected by the owner in the due course of his business;

(g) an on-site manager of an apartment complex;

(h) transactions involving the sale, lease, or transfer of any mineral or mining interest in real property;

(i) an owner or his employees in renting or leasing his own real estate whether improved or unimproved;

(j) transactions involving the sale, lease or transfer of cemetery lots.

advisor that said, "That's good property, put your money in it."; that he arranged for the purchase of land.

■ Our courts require a strict compliance with the terms of The Real Estate License Act if a broker or salesman is to use the courts for recovery of his fees or charges for services. *Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584 (1960); *Macphee v. Kinder,* 523 S.W.2d 509 (Tex.Civ.App.—San Antonio 1975, no writ); *Struller v. McGree,* 374 S.W.2d 256 (Tex.Civ.App.—San Antonio 1963, writ ref'd, n. r. e.).

We regard the recent Supreme Court decision in *Coastal Plains Development Corporation v. Micrea, Inc.,* 21 Tex.Sup.Ct. 337 (April 26, 1978), as directly in point. This was an action for breach of contract involving the development and sale of lots in a subdivision. Micrea, Inc., the promoter and seller of the lots, brought suit against the landowner. The trial court entered judgment for Micrea, Inc., in the amount of $123,393.94, which was affirmed by the Court of Civil Appeals (553 S.W.2d 816). The Supreme Court reversed the judgment of the court below and rendered judgment for Coastal Plains.

The contract involved was a valid, written contract. Micrea, among other things, contended that the contract created a joint venture. One of the provisions of the contract called for an equal division of profits. The Supreme Court held that even if the equal division of profits was otherwise sufficient, the contract did not have any express agreement for sharing the losses, and the latter was essential to constitute a joint venture. The Court then held that based upon the clearly expressed intent of the parties and the absence of any contrary provision for the sharing of losses, that the parties were not participants in a joint venture.

The Supreme Court further said:

Coastal Plains contends that Micrea cannot prevail in its action because it has not complied with § 19, Article 6573a, the Real Estate License Act. We agree. That section prohibits suits for compensation for certain named services by a person or company not duly licensed as a real estate broker or salesman at the time the services are commenced.

·        ·        ·        ·        ·

The services referred to in § 19 are set forth in § 4(1) of Article 6573a. They include selling, offering to sell, negotiating the sale of or advertising or holding oneself out as being engaged in the business of selling real estate.

·        ·        ·        ·        ·

Micrea would distinguish the instant case from one subject to the provisions of the Real Estate License Act on the basis that this is a suit for damages occasioned by a breach of contract, not a suit for compensation. The term 'compensation' as used in § 19 is defined in § 4(5) to 'include any fee, commission, salary, money or valuable consideration, *as well as the promise thereof and whether contingent or otherwise.'* This action is one for lost profits which are nothing more or less than anticipated 'compensation' for the rendition of the services of a real estate broker or salesman.

■ Although appellant makes some contention that he was engaged in a "joint venture" or "partnership," appellant's own testimony completely refutes this. To constitute a "joint venture," several essential elements are generally required. These elements are: (a) a community of interest in the venture; (b) an agreement to share profits; (c) an agreement to share losses; and (d) a mutual right of control or management of the enterprise. *Coastal Plains Development Corp. v. Micrea, Inc., supra; Brown v. Cole,* 155 Tex. 624, 291 S.W.2d 704 (1956); *Luling Oil & Gas Co. v. Humble Oil and Refining Co.,* 144 Tex. 475, 191 S.W.2d 716 (1945); *Chandler v. Herndon,* 450 S.W.2d 703 (Tex.Civ.App. 1970, writ ref'd, n. r. e.). In the case before us, while there is some evidence of an intent to share profits, there is no evidence whatsoever of sharing of losses. Furthermore, Raybourn testified several times that control was solely in appellees, and appellant in his brief stated that he was acting solely under the control of appellees.

There is no evidence whatsoever establishing a joint venture or a partnership.

 Raybourn's own testimony establishes that his activities include the following listed activities, which are listed under the definition of "real estate broker" in the Real Estate License Act: (a) sells, exchanges, *purchases*, rents or leases real estate; (b) negotiates or attempts to negotiate the leasing, selling, exchanging, *purchasing*, rental, or leasing of real estate; (e) appraises or offers or attempts or agrees to appraise real estate; (h) aids, attempts, or offers to aid in locating or obtaining for purchase, rent, or lease, any real estate; (j) procures or assists in the procuring of property for the purpose of effecting the sale, exchange, lease, or rental, of real estate.

We agree with appellees' contention that appellant cannot prevail in this action because he has not complied with the applicable provisions of Article 6573a, The Real Estate License Act.

The trial court correctly granted the motion for instructed verdict. The judgment is affirmed.

MURRAY, J., did not participate in the disposition of this appeal.