**Sidney VAN ZANDT et ux., Appellants,**

v.

**FORT WORTH PRESS et al., Appellees.**

No. 16268.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 5, 1962.

Rehearing Denied Feb. 2, 1962.

Stone, Parker, Snakard, Friedman & Brown, and John G. Street, Jr., Fort Worth, for appellants.

Morgan & Shropshire and Cecil A. Morgan, Fort Worth, for appellee Fort Worth Press.

Irvin W. Shelman, Fort Worth, for appellees Roy J. Hyde and Herman F. Zimmer.

RENFRO, Justice.

Appellees' motion for rehearing is granted and our opinion of December 1, 1961, is hereby set aside.

The Fort Worth Press obtained judgment on sworn account against Roy J. Hyde, Herman F. Zimmer, and Sidney Van Zandt and wife, Lavora Van Zandt. The Van Zandts appeal.

Appellants were owners of the Van Zandt Place Addition. They contracted with Hyde to develop and promote the Addition and sell lots therein. They agreed to spend a reasonable amount for advertising. Hyde employed Zimmer on straight salary to prepare and place advertisements for the overall program. Hyde, through Zimmer, contracted with the Press to run a series of advertisements promoting the Van Zandt Place Addition. The Press ran ads from August 9 to October 25, 1959. The ads were not paid for; hence this suit.

The jury found that Hyde and Zimmer were agents of the appellants in contracting with the Press, and that the appellants agreed to reimburse Hyde for all advertising so contracted by him with the Press.

The appellants do not attack the findings but contend that the Press cannot recover against them because Zimmer was not licensed under the Texas Real Estate License Act, Art. 6573a, Vernon's Ann. Tex.C.S., hence the contract between Zimmer and the Press was void and unenforceable.

The appellants do not contend that Hyde did not have a proper license under said Act. Hyde employed Zimmer, whose duty, in so far as this controversy is concerned, was to prepare advertising for the promotion of the Addition in question and see that such ads were inserted in various advertising media. In dealing with the Press he acted in the capacity of an advertising specialist and not as a real estate dealer. His name did not appear in any of the material submitted to the Press and he did not sell or offer to sell real estate. His contract with the Press was not an offer or an attempt to sell real estate to the Press. The contract with the Press, which was made in behalf of Hyde, was to advertise property which Hyde, appellants and others were to offer for sale. There is no evidence that Zimmer at any time was expected to sell or offer to sell any of the lots owned by appellants. His compensation did not depend upon sales of the lots but, as heretofore stated, he was paid a straight salary for his services, which services consisted of preparing and submitting copy to the newspaper in behalf of his employer. Zimmer in this suit was a defendant, not a plaintiff seeking to recover compensation growing out of a sale of real estate. The Press, as plaintiff, was not seeking to recover anything by reason of a sale or offer to sell real estate. It simply sued for payment of an advertising debt created by Hyde and Zimmer for the appellants. The contract between Zimmer and the Press in no wise contravened the provisions of the Real Estate License Act.

In our original opinion we held that the Press was not entitled to recover attorney's fees. A majority of the court has concluded, however, that the evidence is sufficient to support the award of attorney's fees under provisions of Art. 2226, V.T.C.S., for personal services rendered appellants by employees of the Press. Harris v. Corpus Christi Broadcasting Co., Inc., Tex.Civ.App., 333 S.W.2d 475.

The judgment of the trial court is affirmed.

Affirmed.