James **MACPHEE**, Appellant,

v.

Gilbert E. **KINDER**, d/b/a Gilbert E. Kinder Company, Appellee.

No. 15405.

Court of Civil Appeals of Texas, San Antonio.

May 7, 1975.

 

Joseph F. Sage, Dean & Sage, Inc., San Antonio, for appellant.

Charles M. Jefferson, Davis & O'Conner, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant appeals from a take-nothing summary judgment in his suit to recover for breach of an employment contract whereby appellant was to be paid commissions for the sale of lots and houses in a subdivision owned by appellee. Appellant sought to recover past due commissions, damages for wrongful discharge and, in the alternative, damages for appellee's fraudulent representations that a real estate license was not required of appellant. The trial court concluded that the Real Estate License Act, Article 6573a, Vernon's Tex.Rev.Civ.Stat.Ann. (1969), barred a recovery by appellant because he was not licensed and granted appellee's motion for summary judgment.

Appellant entered into a written contract with appellee whereby appellant was to be paid a fifteen percent commission on land sales and a three percent commission on house sales of property owned by appellee in Bulverde Estates, a subdivision being developed by appellee. These commissions were based on the percentage of the total sales price received by appellee. Appellant worked under this agreement for six or seven months when he was discharged by appellee. Appellant received certain commissions for sales made by him, but brought this suit for the balance allegedly owed him, as well as for the loss of other commissions by reason of his wrongful discharge. Appellant alleged that it was not necessary that he be licensed under Article 6573a because he came within the exemptions provided in Section 6, Subdivisions (1) and (4); but that if a license was required, he sought damages in the alternative for appellee's fraudulent representations that a license was not required.

The Real Estate License Act generally binds any person who engages in, or any business enterprise which engages in, the real estate business. Specifically, if a party engages in any or all of the multitude of acts enumerated in Section 4(1) of the Act, whether full-time or part-time, he comes within the purview of the Act and must be licensed. Included under Section 4(1) is

" . . . any person who, for another or others and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation:

(a) Sells, exchanges, purchases, rents or leases real estate; . . .

(1) Subdivides real estate into two or more parts or tracts which are to be sold, leased, exchanged or rented to others, or for the purpose of erecting buildings for residential or business purposes to be sold, leased, exchanged or rented."

Under Section 4(2) the term "Real Estate Broker" includes any person employed by or on behalf of the owner of real estate at a stated salary or upon a commission to sell, exchange or offer for sale such real estate.

Appellant concedes that he was not licensed as a broker or salesman, but urges that he was exempt under the provisions of Sections 6(1) and (4) of the Act. Under Section 6(1) the Act does not apply to the sale of real estate by a person when such person does not engage in the activities of a real estate broker as an occupa-

tion, business or profession on a full or part-time basis. The obvious intention of this exemption is to exclude any individuals who engage in any one or more of the enumerated acts but who are not acting in the capacity of a real estate agent. For example, an advertising agency that prepares and places in the newspapers real estate advertisements is not within the act. Van Zandt v. Fort Worth Press, 353 S.W. 2d 95 (Tex.Civ.App.—Fort Worth), affirmed, 359 S.W.2d 893 (Tex.1962); Avent v. Stinnett, 513 S.W.2d 89 (Tex.Civ.App —Amarillo 1974, no writ); Amdur, The Real Estate License Act—Synopsis, Elaboration and Comments, 12 S.Tex.L.J. 269, 277. Here appellant was directly engaged in the sale of real estate as an occupation on a full-time basis. The exemption in Section 6(1) has no application to appellant's acts.

■  Section 6(4) provides:

"This Act shall not apply to the sale, lease, or transfer of any property when such sale, lease, or transfer is made by the owner, or one of the owners, or the attorney for said owner or owners, or his or its regular employees, *unless the owner or owners or the attorney for said owner or owners is engaged wholly or in part in the business of selling real estate.*" (Emphasis ours)

The theory behind this exemption is that a person has a right to sell his own property without having to be licensed, or without having to obtain the services of a real estate agent. Appellant urges that the Texas Real Estate Commission (TREC) does not require licensure of builders who sell their homes or of agents solely employed by a builder. See Amdur, The Real Estate License Act—Synopsis, Elaboration and Comments, 12 S.Tex.L.J. 269, 280–281 (1970). Appellee owned all of the subdivision and appellant asserts that, as a full time employee of appellee, no license was required of appellant.

The summary judgment proof establishes that although appellee owns the property being sold by appellant, appellee is engaged wholly or in part in the business of selling real estate. Therefore, the provisions of the Real Estate License Act apply to the sales by appellant of the houses and lots in the subdivision being developed by appellee. The construction placed on this unambiguous provision by the TREC is immaterial to appellant's rights under the Act.

■■  Section 19 of the Texas Real Estate License Act prohibits an unlicensed person from bringing or maintaining any action for the collection of compensation for the performance in this State of any of the acts set out in subdivision (1) of Section 4 of the Act. Our courts require a strict compliance with the terms of the Real Estate Dealers License Act if a broker or salesman is to use the courts for recovery of his fees or charges for his services. Hall v. Hard, 160 Tex. 565, 335 S. W.2d 584 (1960); Struller v. McGree, 374 S.W.2d 256 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.). Since appellant was unlicensed and did not come within any exemption, he is prohibited from bringing a suit to collect compensation for said sales. This prohibition applies not only to his claim for past due commissions, but also to his claim for loss of future compensation.

Appellant asserts in the alternative that he is entitled to recover damages by reason of appellee's fraudulent representation that a license was not required. A similar contention was made and rejected by the Supreme Court in Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377 (1953). In rejecting a claim for conspiracy to defraud plaintiff of his commission, the Court pointed out that the Act precludes recovery of any compensation for services rendered by an unlicensed person in making a sale of real estate. A suit for fraudulent representation, as to the need for a license, while sounding in tort, is an attempt to recover compensation for sale of real estate which is prohibited by the Act. See also Collins v. McCombs, 511 S.W.2d 745

 

(Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

The trial court did not err in granting appellee a take-nothing summary judgment in appellant's suit to recover compensation for sale of appellee's houses and lots in Bulverde Estates.

The judgment is affirmed.