HENRY S. MILLER COMPANY,
Appellant,

v.

TREO ENTERPRISES et al., Appellees.

No. 8589.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 19, 1978.

Rehearing Denied Oct. 31, 1978.

Daniel J. Sheehan, Jr., Wynne & Jaffe, Dallas, for appellant.

Ben L. Krage, Kasmir, Willingham & Krage, Dallas, for appellees.

CORNELIUS, Chief Justice.

Henry S. Miller Company brought this suit against Treo Enterprises and others to recover the balance due on a promissory note representing a broker's commission on the sale of real estate. Miller is a Texas corporation engaged in the real estate brokerage business. In February of 1975, as a method of obtaining the exclusive right to sell a certain warehouse in Dallas, the Miller Company, as trustee, entered into a contract to purchase the property from the owners. The contract named Jones Lake Company, Inc., as seller, Henry S. Miller Company, trustee, "AND/OR ASSIGNS" as buyer, and Henry S. Miller Company as principal agent. It provided that a broker's commission of $15,000.00 would be payable to Henry S. Miller Company "as principal agent." After execution of the contract, an employee of Miller, Jerry McCutchin, solicited Treo to purchase the property as Miller's assignee. To assist Treo in evaluating

the property, McCutchin furnished it an advertising brochure he had prepared which contained a projection of expected annual income the property would produce, a computer printout showing financial information for the preceding five years, a copy of the contract of sale between Jones Lake Company and the Miller Company, and a copy of a lease agreement which was then in effect covering the warehouse. Treo decided to purchase the property and the transaction was closed on April 15, 1975. Treo financed the purchase by assuming an existing $205,000.00 first lien indebtedness and making a new $60,000.00 second lien loan from another source. In order to further reduce the necessary cash outlay, Treo and Miller agreed that Treo could deduct from the sale price the $15,000.00 commission the owners were obligated to pay Miller, and give Miller a promissory note for that amount payable in quarterly installments of $1,250.00 each. Treo executed the note, made three of the payments and then advised Miller that it would not make any further payments. The reason given for its default on the note was that, through McCutchin's advertising brochure, as well as other means, Miller had made material misrepresentations concerning the income producing capability and the tax liability of the warehouse property. Miller then brought suit on the note. Treo defended on grounds that Miller had not complied with the Texas Real Estate License Act[1] in arranging and handling the sale, and it also filed a counter-claim, based on the alleged misrepresentations, seeking cancellation of the note and recovery of the sums previously paid thereon. The jury found, in effect, that the promissory note represented an assumption by Treo of the seller's obligation to pay the real estate commission to Miller, and it answered the special issues concerning fraud and misrepresentation favorably to Miller. The district court denied recovery to either Miller or Treo, and Miller has appealed.

■ As it was established that Treo executed the promissory note and that only three payments thereon had been paid, Miller was entitled to judgment for the balance due on the note unless such a recovery was precluded because of a failure to comply with Article 6573a or by reason of some other infirmity in Miller's cause of action.

Section 20(a) of Article 6573a (Supp.1978) provides that:

"A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed attorney at law in this state or in any other state."

Treo urges that because Miller failed to either plead or prove that it was a licensed broker, a recovery was not authorized. Miller concedes that it neither pleaded nor proved that it was a licensed broker but argues that because it proved that its employee McCutchin was a licensed broker at the time he handled the transaction for Miller, the statute was satisfied. We cannot agree.

■ The key to a proper interpretation of the statute, we believe, is the meaning of the phrase ". . . person performing the brokerage services . . . ." The statute defines "person" as an individual, a partnership or *a corporation*. Brokerage services are defined as, among other acts, the selling or offering to sell real estate, the listing or offering to list real estate for sale, and the negotiating or attempts to negotiate the sale of real estate. In this case it is clear that it was the Henry S. Miller Company which performed such brokerage services. It was the Miller Company, not McCutchin, which contracted to buy the warehouse, which was named principal agent in that contract, which transferred its rights under that contract to Treo, and which earned and sought to collect the real estate commission. Indeed, Miller's petition stated that "The property was sold to Treo Enterprises with Henry S. Miller Company

---

1. Tex.Rev.Civ.Stat.Ann. art. 6573a.

acting as selling agent, . . . ." That Miller acted through its employee McCutchin does not change the fact that it performed the brokerage services. A corporation can act only through persons, and the acts of those persons, when done for the corporation, are the acts of the corporation.

■ Miller argues that the intent of the Legislature was that the individual who deals directly with prospective sellers or purchasers must be licensed, and that it is not necessary that his corporate employer be licensed. In support of that argument, the peculiar phraseology of Section 20(a) is cited. It provides, not that the person bringing the suit must be licensed, but only that the person performing the brokerage services must have been licensed. We do not believe that language militates against our decision, but is consistent with it. Phrased as it is, the statute permits an assignee, successor or legal representative of a broker to maintain suit for a previously earned commission by showing that the broker who performed the service and earned the commission was licensed, even though the person bringing suit is not licensed. But we do not read the statute as allowing a corporation which performs brokerage services to escape the licensing requirements by merely licensing its employees who act for it. If that were the intent of the statute, there would be no need to provide, as it does, for the licensing of corporations as real estate brokers. Tex.Rev.Civ. Stat.Ann. art. 6573a, Secs. 2(5), 6(c) (Supp. 1978).

■■ Strict compliance with the terms of the Real Estate License Act is required if a broker is to use the courts to recover his commissions. *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584 (1960); *MacPhee v. Kinder*, 523 S.W.2d 509 (Tex.Civ.App. San Antonio 1975, no writ). As Miller neither pleaded nor proved that it was a licensed real estate broker, the express language of Section 20(a) of the Act precludes it from bringing or maintaining suit for its commission. The district court therefore had no alternative but to deny a recovery.

Treo has pointed to several other deficiencies in Miller's cause of action, but because of the disposition of the foregoing contention, it is not necessary that we discuss them.

The judgment of the trial court is affirmed.

### ON REHEARING

In its motion for rehearing appellant insists that the promissory note it sought to collect was not for a real estate commission but simply represented money it loaned to Treo to partially finance the purchase of the warehouse. The transaction is susceptible to different constructions, but the question was submitted to the jury and it found that the note was given for the purpose of paying the real estate commission. From the record we are not able to say that such a finding is without any evidence to support it or that it is so against the great weight and preponderance of the evidence as to be manifestly wrong.

Appellant also suggests that our opinion may be interpreted as holding that, if an employer is licensed as a real estate broker, employees who perform brokerage services for the employer need not be licensed. Our decision is not properly subject to such an interpretation. It was undisputed that the employee here, Mr. McCutchin, was a licensed real estate broker.

The motion for rehearing is respectfully overruled.