**HENRY S. MILLER COMPANY,**
**Petitioner,**

v.

**TREO ENTERPRISES et al.,**
**Respondent.**

No. B–8096.

Supreme Court of Texas.

July 25, 1979.

Wynne & Jaffe, Harold Hoffman, Dallas, for petitioner.

Kasmir, Willingham & Krage, Ben L. Krage, Dallas, for respondent.

McGEE, Justice.

The Henry S. Miller Company brought this action against Treo Enterprises, Sidney S. Smiley, Richard C. Smiley and Leo T. Hyman (hereinafter Treo) to recover the sum of $11,250.00 due under a promissory note. Treo answered and also brought a counterclaim against Miller seeking cancellation of the note and the return of all monies paid thereunder. After a trial to a jury, the trial court rendered judgment that both sides take nothing. Miller appealed, and the court of civil appeals affirmed. 573 S.W.2d 553. We affirm the judgment of the court of civil appeals.

In February of 1975 Miller obtained from the Jones Lake Company the exclusive right to sell a certain warehouse located in Dallas County, Texas. This arrangement was facilitated by the execution of a "CONTRACT OF SALE." This contract named Jones Lake Company as seller and Henry S. Miller, "trustee and/or assigns," as buyer. The instrument also named Henry S. Miller as principal agent with the seller expressly agreeing to pay $15,000 upon closing. According to the plan, Miller would acquire an assignee of its purchase rights under the contract of sale.

Subsequent to the execution of the contract, an employee of the Miller Company, Jerry McCutchin, solicited Treo to purchase the warehouse as Miller's assignee. To finance the $285,000 purchase price, Treo borrowed $60,000 and assumed Jones Lake Company's current mortgage of approximately $205,000. In order to further reduce the cash outlay, Jones Lake, Miller, and Treo agreed that Treo could deduct the $15,000 commission from the purchase price, and give Miller a promissory note in that same amount. Treo put up $5,000 cash and the transaction was closed on April 15, 1975.

Treo made three payments on the note and then advised Miller that it would not make further payments because of certain misrepresentations that Miller had made concerning the property. Miller, in turn, brought this suit on the note. Trial was to a jury, which found that the note was made for the purpose of paying a real estate commission to Miller. It further answered special issues concerning fraud and misrepresentation in Miller's favor. Judgment was rendered that both sides take nothing, and Miller appealed.

The court of civil appeals affirmed the judgment of the trial court. It held that Miller was precluded from recovering its commission because it failed to plead and prove that it was a duly licensed broker as required by the Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(a). We granted Miller's application for writ of error to consider whether article 6573a is applicable to the present suit, and if so, whether Miller complied with its provisions.

■ It is settled that the Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art 6573a, is a valid exercise of the State's police power to regulate a private business which affects the public interest. The purpose of the statute is to eliminate or reduce fraud that might be occasioned on the pub-

lic by unlicensed, unscrupulous, or unqualified persons. *Hall v. Hard,* 160 Tex. 565, 571, 335 S.W.2d 584, 589 (1960); *Gregory v. Roedenbeck,* 141 Tex. 543, 547, 174 S.W.2d 585, 586–87 (1943); *Justice v. Willard,* 538 S.W.2d 651, 653 (Tex.Civ.App.—Amarillo 1976, no writ). *See generally* Williston on Contracts § 1765, at 247 (3d ed. 1972); Andur, *The Real Estate License Act—Synopsis, Elaboration and Comments,* 12 S.Tex. L.J. 269, 270–72 (1970) (brief history of the Act).

■ The Act generally binds those persons or business entities which engage in the real estate business. Tex.Rev.Civ.Stat. Ann. art. 6573a, § 1; *Macphee v. Kinder,* 523 S.W.2d 509, 511 (Tex.Civ.App.—San Antonio 1975, no writ). Specifically, the Act makes it unlawful for a person to act in the capacity of a real estate broker or salesman within this state without first obtaining a real estate license from the Texas Real Estate Commission.[1] Tex.Rev.Civ. Stat.Ann. art 6573a, § 1; *Id.* § 20(a) (criminal penalties imposed.) Section 20(a) further provides:

A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed

attorney at law in this state or in any other state.

*Id.* Texas courts have consistently required a strict compliance with the terms of the Act, where applicable, if a real estate broker or salesman is to use the court for the recovery of fees. *Hall v. Hard,* 160 Tex. 565, 572, 335 S.W.2d 584, 589 (1960); *Raybourn v. Lewis,* 567 S.W.2d 908, 911 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.); *Elrod v. Becker,* 537 S.W.2d 84, 86 (Tex.Civ. App.—Beaumont 1976, writ ref'd n.r.e.); *Macphee v. Kinder,* 523 S.W.2d 509, 512 (Tex.Civ.App.—San Antonio 1975, no writ).

Miller concedes that it neither plead nor proved that it was a licensed broker but argues that the Real Estate License Act is inapplicable to the present case. Miller reasons that its suit is not an action seeking the recovery of a real estate commission; rather it is an action on a promissory note representing a partial financing of the purchase price of the warehouse. We disagree.

■ For the purposes of determining the applicability of the Real Estate License Act and the necessity of a license to recover a fee, the substance of the contract is the controlling question, not the form which the transaction ultimately takes. *Lehman Brothers, Inc. v. Sugarland Industries, Inc.,* 537 S.W.2d 121, 123 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). To hold otherwise would encourage unlicensed entities to develop ingenious devices or oth-

---

1. A "real estate broker" is statutorily defined as:

. . . a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

(A) sells, exchanges, purchases, rents or leases real estate;

(B) offers to sell, exchange, purchase, rent, or lease real estate;

(C) negotiates or attempts to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate;

(D) lists or offers or attempts or agrees to list real estate for sale, rental, lease, exchange, or trade;

(E) appraises or offers or attempts or agrees to appraise real estate;

(F) auctions, or offers or attempts or agrees to auction, real estate;

(G) buys or sells or offers to buy or sell, or otherwise deals in options on real estate;

(H) aids, attempts, or offers to aid in locating or obtaining for purchase, rent, 'or lease any real estate;

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate; or

(J) procures or assists in the procuring of properties for the purpose of effecting the sale, exchange, lease, or rental of real estate.

Tex.Rev.Civ.Stat.Ann. art. 6573a, § 2(2) (Vernon Supp.1978–1979).

er indirections to evade the salutary purposes of the Act. *See Coastal Plains Development Corp. v. Micrea, Inc.,* 572 S.W.2d 285, 289 (Tex.1978); *Breeding v. Anderson,* 152 Tex. 92, 94–95, 254 S.W.2d 377, 378–79 (1953); *Justice v. Willard,* 538 S.W.2d 651, 654–57 (Tex.Civ.App.—Amarillo 1976, no writ).

■ In our opinion this is an action to recover a fee in exchange for brokerage services. Our legislature has recognized that attempts to recover compensation for real estate services may take different forms, including the performance of brokerage services "on the *promise* of receiving or collecting a fee, commission, or other valuable consideration from another person." Tex.Rev.Civ.Stat.Ann. art. 6573a, § 2(2). (Emphasis added). In the trial court Miller prayed for recovery of the unpaid portion of the note, and singularly alleged: "Rather than pay a *cash* brokerage fee, Defendants [Treo, et al.] executed a promissory note ("note") payable to Henry S. Miller Company for a sum of $15,000." (Emphasis added). In its motion for judgment Miller further alleged: "It is undisputed that the remaining unpaid balance on the promissory note *representing the real estate commission* due and owing from Treo Enterprises to Henry S. Miller Company is $11,-250." (Emphasis added). Under these pleadings, Miller cannot be heard to say at this time that this is a suit on a note representing a partial financing of the purchase price. A case will not be reviewed on a theory different from that on which it was pleaded and tried. *American Mutual Liability Insurance Co. v. Parker,* 144 Tex. 453, 460, 191 S.W.2d 844, 848 (1945); *Askey v. Power,* 36 S.W.2d 446, 449 (Tex.Com.App. 1931, holding approved); *Phillips v. Inexco Oil Co.,* 540 S.W.2d 546, 550 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.).

Miller also argues that there is no evidence to support the jury's finding that the promissory note was made for the purpose of paying a real estate commission. When a party asserts that there is no evidence to support a jury finding, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the finding, and rejecting the evidence and inferences contrary to the finding. *Rourke v. Garza,* 530 S.W.2d 794, 799 (Tex.1975); *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263, 265 (Tex.1974); *Langlotz v. Citizens Fidelity Insurance Co.,* 505 S.W.2d 249, 251 (Tex.1974). Although the evidence in this case is somewhat conflicting, there is some evidence to support the jury's answer to this special issue. The Miller Company agent in charge of the warehouse account testified that the note Treo executed represented a real estate commission to the Miller Company. He further testified that if the Miller Company prevailed in the present suit he would receive his part of the commission out of the award. Richard Smiley, an officer of Treo, similarly testified that the note was executed for the purpose of paying the commission out over a period of time.

Miller directs our attention to *Miller v. Aaron,* 413 S.W.2d 426 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.) and *McCall v. Johns,* 294 S.W.2d 869 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.) for the proposition that the Act is not applicable to the present suit. These cases are distinguishable. In *Aaron* the court held the Act inapplicable because the summary judgment proof conclusively established that the vendee's two promissory notes payable to the vendor represented "not a broker's commission but a part of the purchase price of land." 413 S.W.2d at 430. On substantially different facts, the note in the present case was found to represent the payment of a real estate commission. The *McCall* case was a suit by an unlicensed vendee against the real estate agent to enforce an agreement to refund one-half of the commission. The court held the Act inapplicable because the vendee had not performed any real estate services in purchasing the land for himself. 294 S.W.2d at 871. There is no similar issue in the present suit.

We therefore hold that the Real Estate License Act is applicable to the present suit. Miller was required to plead and prove that it was a duly licensed real estate broker in

order to recover on the note representing its commission.

In its second point of error Miller alternatively contends that it complied with the Real Estate License Act. Miller points out that the undisputed evidence shows that its employee, the person actually performing the brokerage services, was a licensed broker. This argument was foreclosed by our recent opinion in *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978). In that case Micrea contended that it had complied with the Act since its president, who performed the brokerage services, was duly licensed at all relevant times. Without expressing an opinion as to whether this fact constituted substantial compliance, we held that substantial compliance would not suffice. We concluded: "An entity seeking to recover compensation for any of the services listed in § 4(1) [amended § 2(2)] of the Act must strictly comply with § 19 [amended § 20(a)] in order to use the courts of this State." *Id.* at 289 [citing *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584 (1960); *Elrod v. Becker*, 537 S.W.2d 84 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *Macphee v. Kinder*, 523 S.W.2d 509 (Tex.Civ.App—San Antonio 1975, no writ).

In this case Miller plead that: "The property was sold to Treo Enterprises with Henry S. Miller Company *acting as selling agent,* . . ." (emphasis added). Miller is the entity whose name appears as principal agent in the contract of sale. Moreover, Miller by this suit seeks to recover the real estate commission in its own name. We therefore hold that Miller failed to comply with Section 20(a) of the Real Estate License Act when it proved that its employee was a licensed broker.

The judgment of the court of civil appeals is affirmed.