**TOWER TEN, LTD., et al., Appellants,**

v.

**REAL, INC. et al., Appellees.**

**No. 17878.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 19, 1981.

Rehearing Denied May 28, 1981.

Allen & White, Andy Douglas, San Antonio, for appellants.

Thomas Clarke, Houston, for appellees.

Before WARREN, DOYLE and EVANS, JJ.

WARREN, Justice.

This is an appeal from a judgment awarding REAL, Inc. and Robert Lichenstein judgment for a partially unpaid broker's commission plus attorney's fees.

The principal question concerns the rights of and the restrictions on an out-of-state real estate broker seeking to recover a commission for the sale of Texas real estate.

Appellant, Tower Ten, Ltd., is a limited partnership consisting of Jackson, Houser and Associates as general partners and others as limited partners. Jackson, Houser and Associates is a partnership of which Steven Jackson and W. F. Houser, Jr. are the only partners. REAL, Inc. is an Alabama real estate corporation. Robert Lichenstein is a resident of Alabama and owns 99% of the capital stock of REAL, Inc.

On July 22, 1976, Tower Ten, Ltd. owned the land and improvements situated at 3400 Montrose in Houston. On that date, an agreement was entered into whereby REAL, Inc. was offered a commission of $100,000 if it could provide a purchaser for the Montrose property on terms and conditions acceptable to the seller and if a sale was consummated.

The agreement was as follows:

This letter will serve as an agreement between Tower Ten, Ltd. and REAL, Inc. concerning the potential sale of 3400 Montrose Place.

Should REAL, Inc. provide a purchaser and a sale be consummated at terms and conditions acceptable to Tower Ten, Ltd., a commission of One Hundred Thousand Dollars ($100,000.00) will be paid to REAL, Inc. by Tower Ten, Ltd.

A purchaser was provided by REAL, Inc. and a sale was consummated on terms and conditions acceptable to the owner. Of the agreed $100,000 commission, only $77,109 was paid. Appellees sued for and recovered judgment for the remaining commission plus attorney's fees.

Appellants bring seven points of error in which they allege that there were defects in the submission of the case, that there was no evidence or insufficient evidence to support the jury's findings or the issues submitted, and that such findings were against the great weight and preponderance of the evidence.

Generally appellants contend that appellees failed to comply with the provisions of Article 6573a, V.A.C.S., Real Estate License Act and, because of the non-compliance, are not entitled to recover a commission.

We will only discuss appellants' points of errors complaining that the jury's answer to Special Issue No. one was supported by no evidence, that the evidence was insufficient or that the finding was against the great weight and preponderance of the evidence because they determine our disposition of the case.

Article 6573a, V.A.C.S., Real Estate License Act, provides for the licensing of persons listing, selling and leasing real estate for compensation. Generally, it prohibits numerous acts being done by persons not licensed as Texas real estate brokers. Texas courts have consistently held that before one may recover a commission for the sale of realty he must show that he has strictly complied with the Act. *Henry S. Miller Co. v. Treo Enterprises*, 585 S.W.2d 674 (Tex.1979).

Section 2 of the Act defines certain acts as those to be performed by a person licensed as a real estate broker in Texas. Among those prohibited acts are the negotiation of or an attempt to negotiate a listing, sale, exchange, purchase, rental or leasing of real estate, (Section 2(2)(C)), and procuring or assisting in the procuring of prospects for the purpose of effecting the sale, exchange, lease or rental of real estate. (Sec. 2(2)(I)). Section 4 of the Act provides that a person who directly or indirectly for another, with the intention of receiving any valuable consideration, offers, attempts or agrees to perform or performs any of the acts defined in Section 2 is deemed to be acting as a real estate broker or salesman, and the commission of a single such act by a person required to be licensed, but not licensed, shall be a violation of the Act. It is undisputed that neither Robert Lichenstein nor REAL, Inc. was licensed Texas brokers, so without further authority they would not be entitled to recover the commission. However, Section 14(a) of the Act provides that "a licensed broker [of this state] may pay a commission to a licensed broker of another state if the foreign broker does not conduct in this state any of the negotiations for which the fee, compensation, or commission is paid."

It is undisputed that both Lichenstein and REAL, Inc. held valid out-of-state real estate broker's licenses. Therefore, they would be entitled to the commission if they could prove that the payment was to be made by a Texas broker and that Lichenstein handled none of the negotiations in Texas. The jury found that the commission was a payment from a licensed Texas broker to a licensed broker of another state and that Lichenstein did not conduct any of the negotiations in Texas for which the commission was to be paid.

W. F. Houser, Jr., who signed the agreement on behalf of Tower Ten, was a licensed Texas broker. He signed the agreement as a representative of Tower Ten, Ltd. only. Appellees contend that this would satisfy the provision of Section 14(a) which requires that the payment be from a Texas broker to an out of state broker. The agreement is unambiguous. Tower Ten, Ltd., which did not have a broker's license, was the obligor and REAL, Inc., which held a valid broker's license in

another state, was the obligee. The fact that Houser held a valid Texas broker's license was incidental. *Henry S. Miller Co. v. Treo Enterprises, supra; Coastal Plains Development Corp., et al. v. Micrea, Inc.,* 572 S.W.2d 285 (Tex.1978). In both of these cases, the Supreme Court of Texas held that an individual signing an agreement on behalf of a corporation seeking to collect a real estate commission did not comply with Section 20(a) of the Act which requires that the entity seeking to recover be licensed.

Given the fact that Tower Ten, Ltd., the obligor, was not licensed in Texas, the agreement would be unenforceable unless REAL, Inc. could show that it held a valid Texas broker's license.

Reversed and rendered.