Clarence LaGUARDIA, et al.,
Appellants,

v.

Raymond F. SNODDY, Appellee.

No. 05–84–00067–CV.

Court of Appeals of Texas,
Dallas.

March 20, 1985.
Rehearing Denied April 15, 1985.

Peter J. Harry, Daniel P. Donovan, Dallas, for appellants.

Bill Kuhn, Dallas, for appellee.

Before AKIN, DEVANY and KEITH, JJ.[1]

1. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

AKIN, Justice.

Our published opinion in this case, issued December 7, 1984, is hereby withdrawn. The following is now the opinion of the court.

Clarence LaGuardia, A. Michael Traugott, Arnold Stombaugh, and Ronald DeAngelo appeal from a judgment *non obstante veredicto* rendered in favor of appellee Raymond F. Snoddy. Snoddy sued appellants to recover a real estate commission that he claimed was due him in connection with the sale of certain apartment buildings owned by appellants. Appellants counterclaimed against Snoddy and Greenhill Property Management Corporation (Greenhill Property Management), of which Snoddy was president, seeking penalties as provided for in TEX.REV.CIV.STAT.ANN. art. 6573a § 19(b) (Vernon Supp.1984), the Texas Real Estate License Act (the Act). Section 19 prescribes penalties that may be recovered from one who has performed brokerage services without first obtaining a real estate license. The trial judge denied appellants' counterclaim and rendered judgment *non obstante veredicto* for Snoddy on his action for a commission. On appeal, appellants contend[2] that the trial court erred in: (1) rendering judgment *non obstante veredicto* for Snoddy because Snoddy failed to allege and to prove, as required by section 20(a) of the Act, that the person performing brokerage services in connection with the sale was duly licensed as a real estate broker or salesman at the time the services were commenced; and (2) refusing to enter judgment for appellants on their counterclaim against Snoddy and Greenhill Property Management.

We hold that the trial court did not err in rendering judgment *non obstante veredicto* for Snoddy because Snoddy sustained the burden of proof imposed upon him by section 20(a) of the Act and that the trial court properly denied appellants' counter-

claim. Accordingly, we affirm the trial court's judgment.

Snoddy was a licensed real estate broker at all times material to this litigation. In addition to operating as a broker in his individual capacity, Snoddy was president of Greenhill Property Management, a corporation that invested in and managed commercial properties. Both Snoddy, individually, and Greenhill Property Management at times did business under the name of Greenhill Financial Corporation (Greenhill Financial), which was not an actual corporation but rather an assumed name. Greenhill Property Management was not licensed by the Texas Real Estate Commission until shortly before the trial of this cause and Greenhill Financial has never been licensed. Bennett Morgan was hired by Snoddy in June of 1980 to assist Snoddy in his real estate brokerage business. Morgan initially received a small base salary, paid by Greenhill Property Management, as well as a percentage of the commission on any sales in which he was involved. The sales commissions were to be split between Morgan and Snoddy, with the size of Morgan's share determined by the degree of his participation in the sale. After January 1981, Morgan was compensated solely on a commission basis. Morgan was not licensed to sell real estate in Texas until August 3, 1981.

The controversy in this case arose out of the sale of the Forest Hills apartments from appellants to Consolidated Capital Properties (Consolidated). Prior to August 3, 1981, Morgan contacted appellants and inquired whether, and under what terms, the apartments were for sale. Morgan dealt with A. Michael Traugott, the managing partner. Pursuant to conversations between Morgan and himself, Traugott sent a letter to "Bennett Morgan, Greenhill Financial Corporation" stating that a two percent commission would be paid on the sale of the Forest Hills apartments. This letter, dated June 22, 1981, is the basis of Snod-

**2.** Appellants also raise other points of error, which we discuss in a separate, unpublished opinion accompanying this opinion.

dy's action against appellants. Morgan attempted to locate a buyer for the apartments and in doing so contacted Consolidated. This contact occurred prior to Morgan's August 1981 licensing. Consolidated was interested in purchasing the apartments, but only on the conditions that Consolidated pay the commission on the sale and that the commission not exceed one percent.[3] According to Gary Goodman, a representative of Consolidated, Morgan informed him that a one percent commission was acceptable.[4] Consolidated and appellants then entered into negotiations which eventually culminated in an agreement whereby Consolidated was to purchase the apartments from appellants for a net purchase price of $4,950,000, with Consolidated paying the total commission on the sale. At the closing Consolidated presented Snoddy with a check for one percent of the purchase price, which Snoddy accepted without comment. Thereafter Snoddy brought this action against appellants to recover an additional one percent commission on the sale that Snoddy claimed was due him pursuant to the June 22, 1981, letter. Appellants counterclaimed against Snoddy and Greenhill Property Management, alleging that they were liable to appellants for the penalties provided for in section 19(b) of the Act.

■ Appellants contend that the trial court erred in rendering judgment *non obstante veredicto* for Snoddy because Snoddy failed to allege and to prove, as required by section 20(a) of the Act, that the person performing the brokerage services in connection with the sale of the apartments was duly licensed as a real estate broker or salesman at the time the services were commenced. Section 20(a) of the Act provides:

> Sec. 20. (a) A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed attorney at law in this state or in any other state.

Strict compliance with this section is required of anyone using the courts to recover compensation for performing brokerage services. *Henry S. Miller Co. v. Treo Enterprises*, 585 S.W.2d 674 (Tex.1979); *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978).

■ Snoddy clearly alleged and proved that he was licensed at the requisite time. Additionally, the record contains evidence supporting the jury's finding that Snoddy "performed the services upon which this action for commissions is based." Appellants argue that because the jury found that Morgan performed certain acts in connection with the sale which are defined as brokerage services by section 2 of the Act[5], Snoddy was also required to plead and to prove that Morgan was licensed at the time the services were commenced.

---

3. It was Consolidated's standard practice to insist upon these conditions, apparently because of S.E.C. requirements.

4. Snoddy, however, testified that he, Snoddy, had never agreed to accept a one percent, rather than a two percent, commission. Additionally, we note that the jury specifically found that Morgan had neither actual, apparent, nor implied authority to agree on behalf of Greenhill Financial to accept a one percent commission from Consolidated, thereby extinguishing Greenhill Financial's rights, if any, to a two percent commission from appellants.

5. (2) "Real estate broker" means a person who, for another person and for a fee, commission, or other valuable consideration, or

with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

\* \* \* \* \* \*

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate; or

(J) procures or assists in the procuring of properties for the purpose of effecting the sale, exchange, lease, or rental of real estate.

\* \* \* \* \* \*

(5) "Person" means an individual, a partnership, or a corporation, foreign or domestic.

Had the jury found that Morgan performed brokerage services *upon which* Snoddy's action for commission was based,[6] we would agree with appellants' argument. The jury found, however, merely that Morgan performed certain brokerage services in connection with the sale while acting "either directly or indirectly" on behalf of Snoddy. This is not a finding that the services performed by Morgan were a basis *for Snoddy's action for commission.* Thus, Snoddy sustained the burden of proof imposed upon him by section 20(a) of the Act. Accordingly, we hold that the trial court did not err in rendering judgment *non obstante veredicto* for Snoddy.

▉▉▉ Appellants also contend that the trial court erred in refusing to render judgment for them on their counterclaim against Snoddy and Greenhill Property Management. Appellants' counterclaim was founded upon section 19 of the Act:

Sec. 19. (a) A person acting as a real estate broker or real estate salesman without first obtaining a license is guilty of a misdemeanor and on conviction shall be punishable by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail for a term not to exceed one year, or both; and if a corporation, shall be punishable by a fine of not less than $1,000 nor more than $2,000. A person, on conviction of a second or subsequent offense, shall be punishable by a fine of not less than $500 nor more than $1,000, or by imprisonment for a term not to exceed two years, or both; and if a corporation, shall be punishable by a fine of not less than $2,000 nor more than $5,000.

(b) In case a person received money, or the equivalent thereof, as a fee, commission, compensation, or profit by or in consequence of a violation of Subsection (a) of this section, he shall, in addition, be liable to a penalty of not less than the amount of the sum of money so received

and not more than three times the sum so received, as may be determined by the court, which penalty may be recovered in a court of competent jurisdiction by an aggrieved person.

Specifically, appellants counterclaimed against Snoddy and Greenhill Property Management for the penalties provided for in section 19(b). We hold that in order to prevail upon a claim for subsection (b) penalties, the claimant must establish: (1) that the party from whom the penalties are sought has received money or the equivalent thereof as a commission or compensation; (2) that the money or its equivalent was received as a consequence of that party's violation of subsection (a) (*i.e.,* acting as a real estate broker or salesman without first obtaining a license); and (3) that the claimant is an "aggrieved party" within the meaning of the Act. In the instant case, appellants have failed to sustain their burden to establish that either Snoddy or Greenhill Property Management received the money that was allegedly paid as a commission on the sale of the Forest Hills apartments.[7] The record reflects that no special issues on this question were requested by appellants and none were given. Further, we have reviewed the evidence in the record and it is inconclusive as to who actually received the commission. Consequently, appellants cannot prevail on their counterclaim against either Snoddy or Greenhill Property Management. Accordingly, we affirm the trial court's denial of appellants' counterclaim. The judgment of the trial court is affirmed.

---

6. We note that such an issue was not submitted to the jury.

7. Consequently, we need not address the questions of whether the money, if received, was

received as a consequence of the recipient's violation of subsection (a) and whether appellants are "aggrieved parties."