Marie SCHMIDT and SDM, Inc., Appellants,

v.

Hoyt R. MATISE, Kenneth S. Olschwanger, and the Hoyt R. Matise Company, Appellees.

No. 05–86–01338–CV.

Court of Appeals of Texas, Dallas.

Feb. 18, 1988.

Rehearing Denied March 23, 1988.

R. Matthew Molash, Dallas, for appellants.

Michael Braden, Dallas, for appellees.

Before HOWELL, BAKER and LAGARDE, JJ.

HOWELL, Justice.

This is a suit over the division of a real estate brokerage fee. Marie Schmidt ("Salesperson" or "Agent") and SDM, Inc. ("Third Broker" or "B–3") appeal a summary judgment rendered in favor of appellees Hoyt R. Matise, Kenneth S. Olschwanger, and the Hoyt R. Matise Company (collectively "First Broker" or "B–1"). By its summary judgment, the trial court awarded the entirety of a $220,000 brokerage fee to B–1, denying the claim of Agent and B–3 for one-half thereof, amounting to $110,000. B–3 has presented five points of error on behalf of itself and Agent. We have concluded that the points fail to demonstrate reversible error and affirm the summary judgment.

This case had its beginning when the trial court appointed a receiver for the Arapaho Station Joint Venture, and thereafter authorized the receiver to sell the tract.

Agent was a licensed real estate sales agent who first rendered services after the receiver's June, 1985 appointment. On February 3, 1986, Agent first made contact with City Group, Inc., the eventual purchaser of Arapaho Station. On that date, Agent's sponsoring broker was Philip Watson ("Second Broker" or "B–2"), a licensed real estate broker who was asserting a co-ownership interest in the receivership property. B–1 objected to B–2 being named as broker in the sales contract whereupon Agent formed B–3 and caused B–3 to apply to the Texas Real Estate Commission for a broker's license. B–3 was licensed on February 7, 1986.

On the same day, the court-appointed receiver and City Group, Inc. executed a sales contract for Arapaho Station which named B–1 as principal broker and B–3 as cooperating broker, the contract providing for a fifty-fifty division of the commission. When the sale was closed, the commission was paid into the registry of the court. A dispute having arisen as to B–3's right to share therein, the commission dispute was severed into an independent action.

The legal issue raised by the pleadings and cross-motions for summary judgment evidence was whether the licensing requirements of the Real Estate License Act (RELA), Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon 1969 & Supp.1987), precluded B–3 from recovering half of the commission, the trial court ruling that B–3 was barred by the RELA and awarding the entirety to B–1.

In their first two points of error, Agent and B–3 argue that the RELA does not preclude recovery. We are asked to interpret section 20(a) of the RELA:

A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act

without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced.

RELA, § 20(a). Agent maintains that she was a licensed sales agent on February 3, 1986, the date when she commenced the services generating the commission and that she was at all times properly sponsored by a licensed broker, either B–2 or B–3. Agent and B–3 argue that they are therefore entitled under section 20(a) to bring an action to collect the contracted share of the commission.

■ The Supreme Court of Texas has consistently held that the Legislature's enactment of the RELA was a valid exercise of the State's police power to regulate a private business which affects the public interest. The statute's purpose is to eliminate or reduce the fraud that might be inflicted on the public by unqualified or unscrupulous persons engaging in the real estate sales and brokerage business. *Hall v. Hard,* 160 Tex. 565, 571, 335 S.W.2d 584, 589 (1960); *Gregory v. Roedenbeck,* 141 Tex. 543, 547, 174 S.W.2d 585, 586–87 (1943). The RELA makes it unlawful for a person to act as a real estate broker or salesperson without first obtaining a license from the Real Estate Commission. RELA §§ 1(b), 19(a), 20(a) (Vernon Supp. 1987). Texas courts have consistently required strict compliance with the RELA. *Henry S. Miller Co. v. Treo Enterprises,* 585 S.W.2d 674, 676 (Tex.1979); *Raybourn v. Lewis,* 567 S.W.2d 908, 911 (Tex.Civ.App. —San Antonio 1978, writ ref'd n.r.e.). When an entity whose name appears in a real estate sales contract as broker seeks to recover the commission in its own name, then the entity must establish that it, as opposed to its agents, officers, or employees, was a licensed broker at the time the alleged services were *commenced. Henry S. Miller Co.,* 585 S.W.2d at 678; *Coastal Plains Development Corp. v. Micrea, Inc.,* 572 S.W.2d 285, 288–89 (Tex.1978).

■ Not having been licensed on February 3, 1986, when Agent's services commenced, B–3 cannot itself maintain an action for the commission. Nor can it claim a share of the commission by virtue of Agent's having been licensed as a real estate salesperson on that date. *See Henry S. Miller Co.,* 585 S.W.2d at 678; *Coastal Plains,* 572 S.W.2d at 288–89. Moreover, Agent cannot maintain the action in her own behalf for two reasons. First, B–3 and not Agent was named in the sales contract as co-operating broker. Agent has no legally cognizable interest in the commission. *See, e.g., Gehl Brothers Manufacturing Co. v. Price's Producers, Inc.,* 319 S.W.2d 955, 958 (Tex.Civ.App.—El Paso 1958, no writ). Second, the RELA specifically prohibits a real estate salesperson from accepting compensation for a real estate transaction from any person other than that person's sponsoring broker. RELA § 1(d) (Vernon Supp.1987). Because Agent's rights are no more than derivative of B–3's rights, Agent cannot maintain an action for a share of the commission under section 20(a) of the RELA.

Agent and B–3 attempt to distinguish *Henry S. Miller Co.* and *Coastal Plains* by a showing that on February 3, 1986, when Agent first began negotiating for the sale of the receivership property, her sponsoring broker was B–2, who was at that time a licensed broker. She then cites the following quote from *Henry S. Miller Co.:*

[T]he statute permits an assignee, successor or legal representative of a broker to maintain suit for a previously earned commission by showing that the broker who performed the service and earned the commission was licensed, *even though the person bringing the suit is not licensed.*

*Henry S. Miller Co. v. Treo Enterprises,* 573 S.W.2d 553, 555 (Tex.Civ.App.—Texarkana 1978), *aff'd,* 585 S.W.2d 674 (Tex. 1979) (emphasis supplied). However, we find no evidence that B–2 ever transferred or assigned any interest in the commission to Agent or B–3. *Henry S. Miller Co.* is inapplicable. We overrule the first two points of error.

■ By point three, B-3 argues that the sales transaction was exempt from the RELA because it was conducted under court supervision and was executed pursuant to a court order. Section 3 of the RELA provides:

The provisions of this Act shall not apply to any of the following persons and transactions, and each ... of the following persons and transactions are hereby exempted from the provisions of this Act, to wit:

\* \* \* \* \* \*

(e) a person acting under a court order ...

Without expressing an opinion on the merits of this contention, we hold that Tex.R. Civ.P. 166–A(c) and *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) preclude consideration of this point of error. As was stated in *Clear Creek:*

[T]he non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of.... With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement.

*City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 678.

B-3 contends that all facts from which the trial court could have concluded that the court order exception applies were stated in the response to B-1's motion for summary judgment. It argues that the issue was properly presented to the trial court and is properly before this court on appeal. We disagree. Issues not *expressly* presented to the trial court shall not be considered on appeal as grounds for reversal of a summary judgment. Tex.R.Civ.P. 166–A(c). Although B-3's response to B-1's motion indicated that the sale of the property was approved by the district court, B-3 did not *expressly* present the issue of a statutory exemption from the RELA. Consequently, the issue is not properly before this court and we must overrule point three. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W. 2d at 679; *Holmes v. Dallas International Bank*, 718 S.W.2d 59, 60 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

By points four and five, B-3 contends that a material fact issue of estoppel was presented. The estoppel argument is based on a principle of law found in *Knight v. Hicks*, 505 S.W.2d 638 (Tex.Civ.App.— Amarillo 1974, writ ref'd n.r.e.). In that case the court stated:

The law will not permit the owner to deny the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself.

*Id.* at 644 [quoting *West Realty & Investment Co. v. Hite*, 283 S.W. 481, 482 (Tex. Comm'n App.1926, judgm't adopted)].

*Knight v. Hicks* involved the sale of a tract of land where the buyer and seller concluded the sale directly with one another, excluding the broker who had brought them together. The seller contended that the broker was not entitled to a sales commission because he had failed to comply with § 28 of the RELA which requires the broker to give the purchaser written notice at the time of sale admonishing him to have an attorney examine the abstract. The statute provides that the broker's right to recover a sales commission is contingent on his providing this notice. RELA § 28 (Vernon 1969). The court held that because the seller had excluded the broker from the final transaction consummating the sale, the notice requirement of § 28 would not preclude the broker's recovering his commission. *See Knight v. Hicks*, 505 S.W.2d at 644.

■ In the instant case, B-3 urges that B-1's refusal to deal with B-2, who originally was sponsoring broker for Agent, necessitated the formation of B-3.

Agent's uncontroverted affidavit states that but for B–1's objection, B–3 would not have been formed. We believe that reliance on *Knight* is inappropriate. First, the *Knight v. Hicks* court did not rely on an estoppel theory. Second, it is well-settled that estoppel cannot be invoked to nullify a mandatory restriction, especially when the restriction inures to the benefit of the general public as opposed to a private individual. *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99, 105–06 (Tex.1977). The licensing requirement of the RELA is precisely the kind of restriction contemplated by this rule. Third, B–3 has failed to point to any summary judgment evidence indicating that B–1 did anything more than object to B–2 being named as cooperating broker. That is, there is no assertion that B–1 requested or suggested that B–3 be formed or named as sponsoring broker. Finally, estoppel cannot be invoked for any purpose other than preserving rights which had previously been acquired. *Cone v. Cone*, 266 S.W.2d 480, 482 (Tex.Civ.App.—Amarillo 1953), *writ dism'd w.o.j. per curiam*, 153 Tex. 149, 266 S.W.2d 860 (1954). B–3 had not shown where it ever acquired any rights. We concede that a contract was executed calling for the payment of a commission to B–3, but that contract never created any rights in B–3 or Agent because the statute forbade enforcement of the contract from the very moment of inception. An agreement that is void as prohibited by law cannot be rendered valid by invoking the doctrine of estoppel. *Berman v. City Products Corp.*, 579 S.W.2d 313, 318 (Tex. Civ.App.—Eastland 1979), *aff'd in part & rev'd in part on other grounds*, 610 S.W. 2d 446 (Tex.1981). Because estoppel is an inappropriate theory to be applied to these facts, we conclude that no issue of material fact exists on which to reverse the summary judgment. We therefore overrule the fourth and fifth points of error.

The trial court's judgment is AFFIRMED.